**AETNA INSURANCE COMPANY, Leo J. Odom and Odom Offshore Surveys, Inc., Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 69–1370.**

United States District Court,
E. D. Louisiana,
New Orleans Division.

May 28, 1971.

———◆———

Trudy H. Oppenheim, New Orleans, La., for plaintiffs.

Gerald J. Gallinghouse, U. S. Atty., John R. Schupp, Asst. U. S. Atty., Harold G. Wilson, Dept. of Justice, Washington, D. C., for defendant.

RUBIN, District Judge:

Odom Offshore Surveys, Inc. ["Odom Offshore"] contracted to provide radio location surveys for a hydrographic survey to be made by the U.S. Corps of Engineers. Odom Offshore was to furnish a shipboard operator, together with certain equipment, to work aboard a vessel supplied by the Corps of Engineers. The equipment used belonged to Odom, who was a major stockholder in Odom Offshore, and was insured by Aetna. Shortly after the equipment was installed on the ship, it was destroyed by an explosion and fire. Odom Offshore, Odom and Aetna all sued the U.S. contending the loss resulted from the negligence of the United States or the unseaworthiness of the vessel.

The United States moved for a stay of proceedings contending that suit could not be filed until the procedures set forth in the contract have been exhausted. This paragraph of the contract reads in part:

"DISPUTES. (a) Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall mail or otherwise furnish a copy thereof to the Contractor. This decision shall be final and conclusive unless, within 30 days from the date of receipt of such copy, the Contractor mails or otherwise furnishes to the Contracting Officer a written appeal addressed to the Secretary. The decision of the Secretary or his duly authorized representative shall be final and conclusive unless determined by a court of competent jurisdiction to have been fraudulent, or capricious, or arbitrary, or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence. * * * "

Odom opposes the stay on the basis that the U.S. Arbitration Act, 9 U.S.C. A. § 3, applies only to maritime transactions and transactions involving commerce, and hence no stay is in order. Alternatively it contends that the questions of fact involved here do not "arise under" the contract and that the "disputes clause" does not apply.

After argument was heard on the motion, the court suggested that the parties confer further to determine whether the dispute between them could be resolved. Plaintiffs' counsel met with a representative of the contracting officer, but the decision of the contracting officer was unfavorable. Plaintiffs' counsel then wrote the court saying that it chose not to pursue the "disputes" procedure further.

The "disputes provision" is not an arbitration procedure. Unlike arbitration, it does not contemplate submission of a contested issue to an impartial arbiter. Hence, "this is not a situation covered by the Federal Arbitration Act," Moran Towing and Transportation Co. v. United States, 2 Cir. 1961, 290 F.2d 660, 662.

However, as the court said in *Moran Towing,* a contractual clause providing a procedure to resolve disputes is "closely analogous to arbitration." The validity of such clauses was upheld in United States v. Wunderlich, 1951, 342 U.S. 98, 72 S.Ct. 154, 96 L.Ed. 113, in which the Supreme Court held that decisions made by the Board of Contract Appeals under a similar contractual provision were final unless founded on fraud. This ruling has since been modified by the so-called Wunderlich Act, 41 U.S.C. §§ 321, 322. This act provides in part: "* * * [S]uch decision shall be final and conclusive unless the same is fraudulent or capricious or arbitrary or so grossly erroneous as necessarily to imply bad faith, or is not supported by substantial evidence, 41 U.S.C. § 321."

The Wunderlich Act expressly confers Congressional sanction on use of a dispute settlement clause in government contracts; it also limits the situations in which the decisions of government claims officers are final. In those cases, the court performs "principally a reviewing function. * * * [For in the Wunderlich Act], Congress widened the scope of judicial review but at the same time recognized the finality of the administrative decision absent the specified grounds for setting it aside." Crown Coat Front Co. v. United States, 1967, 386 U.S. 503, 513, 87 S.Ct. 1177, 1183, 18 L.Ed.2d 256. The contractor must, however, first present his claim in accordance with the contractual procedure, else it is not subject to adjudication by the courts. Ibid. In that case the Supreme Court recognized that a claim might result from a contract with the government that was not a claim "arising under the contract."

The same distinction is pertinent here. The foundation of the plaintiff's claim lies in charges of negligence and unseaworthiness. The government contends that nonetheless the claim arises under the contract, in reliance on United States v. Peter Kiewit Sons' Co., 8 Cir. 1965, 345 F.2d 879, 883.

But in Bird & Sons Inc. v. United States, 1970, 420 F.2d 1051, 190 Ct.Cl. 426, a contrary view was taken. The court there said:

"It is settled law that the Disputes clause applies only 'to the extent complete relief is available under a *specific contract adjustment provision,*' United States v. Utah Constr. & Mining Co., 385 U.S. 394, 402, 86 S.Ct. 1545, 1550, 16 L.Ed.2d 642 (1966) [Emphasis added]; that is, some '*other * * * [clause] of the contract calling for equitable adjustment of the * * * price or extensions of time upon the occurrence of certain events.*' Crown Coat Front Co. v. United States, 386 U.S. 503, 506, 87 S.Ct. 1177, 1179, 18 L.Ed.2d 256 (1967) [Emphasis added]. *See* Morrison-Knudsen Co. v. United States, 345 F.2d 833, 170 Ct.Cl. 757 (1965). This principle, enunciated by the Supreme Court, was recently restated by this court in Len Co. and Associates v. United States,

385 F.2d 438, 441–442, 181 Ct.Cl. 29, 36 (1967) * * *." 420 F.2d at 1054.

In *Bird,* the court said, with respect to *Peter Kiewit Sons,* "However, that decision was rendered before the Supreme Court's decision in *Utah, supra,* which specifically rejected this view, and is thus of no precedential value."

No "specific contract adjustment provision" with regard to claims of the nature here asserted has been called to my attention. Hence, despite the plaintiffs' refusal to exhaust the administrative procedure specific in the contract, the *Bird* decision permits them to proceed.

For these reasons, the motion to stay is denied.