## THE TRANSFER NO. 21.

### (Circuit Court of Appeals, Second Circuit. November 13, 1914.)

### No. 147.

ADMIRALTY (§ 103*)—APPEAL—APPEALABLE ORDERS—"FINAL DECISION."

An order entered in a proceeding for limitation of liability, denying a motion to dismiss the petition and vacate an order restraining the prosecution of actions in a state court, is not a "final decision," and is not appealable.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 712–719; Dec. Dig. § 103.*

For other definitions, see Words and Phrases, First and Second Series,. Final Decision.

Appealable orders and decrees in admiralty, see note to In re Oceanic Steam Navigation Co., 124 C. C. A. 348.]

Appeal from the District Court of the United States for the Southern District of New York.

In the matter of the petition of the New York, New Haven & Hartford Railroad Company, as owner of the steam tug Transfer No. 21,. for limitation of liability. Otto Schmuck and others, damage claimants, appeal from an order denying a motion to dismiss the proceedings. On motion to dismiss appeal. Motion granted.

Charles M. Sheafe, Jr., of New York City (James T. Kilbreth, of New York City, of counsel), for petitioner.

Before COXE, WARD, and ROGERS, Circuit Judges.

PER CURIAM. The order of the District Court does not finally dispose of the claimant's rights, as its contentions can be asserted on appeal from the final decree, and therefore is not such a final decision as to be appealable. Section 129 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1134 [Comp. St. 1913, § 1121]) applies only to equity proceedings and shows that the granting or refusing of an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

interlocutory injunction is not a final decision, because it required the statute to make such orders appealable. Most of the claimant's reasoning would apply to an order remanding or refusing to remand a cause to the state court because of the citizenship of the parties, but a writ of error cannot be taken to either order. Chicago & St. Paul R. R. Co. v. Roberts, 141 U. S. 693, 12 Sup. Ct. 123, 35 L. Ed. 905; Bender v. Penna. Co., 148 U. S. 502, 13 Sup. Ct. 640, 37 L. Ed. 537.

Motion granted.