ARROWHEAD CO., Inc., et al. v. THE AIMEE LYKES et al.

No. 88, Docket 22149.

United States Court of Appeals Second Circuit.

Argued Nov. 9, 1951.

Decided Nov. 28, 1951.

84

Lawrence W. McKeown, New York City, for libelants-appellants.

Terriberry, Young, Rault & Carroll, New Orleans, La., Tompkins, Boal & Tompkins, New York City (Benjamin W. Yancy, New Orleans, La., and Arthur M. Boal, New York City, of counsel), for respondents-appellees.

Before SWAN, Chief Judge, FRANK, Circuit Judge, and COXE, District lJudge.

FRANK, Circuit Judge.

1. The order is not final within the meaning of 28 U.S.C. § 1291.[1] Nor is it the kind of interlocutory order made appealable by 28 U.S.C. § 1292, for it does not determine the rights and liabilities of the parties.[2]

2. But, in appropriate circumstances, we may treat an appeal as a petition for a mandamus writ.[3] Yet if no more than an "abuse" of discretion is involved, and the order directs a transfer,[4] we have held that we will not entertain such a petition, for it must be addressed to the court of appeals for the circuit which includes the transferee district.[5]

1. Magnetic Engineering & Manufacturing Co. v. Dings Manufacturing Co., 2 Cir., 178 F.2d 866.

2. See, e. g., Schoenamsgruber v. Hamburg-American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989; Jarka Corporation v. Rederii, 1 Cir., 110 F.2d 234; Barbarino v. Stanhope S. S. Co., 2 Cir., 150 F.2d 54.

3. Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., 2 Cir., 178 F.2d 866.

4. If a district judge refuses to order a transfer, and, in doing so, "abuses" his discretion, we will issue a writ. Ford Motor Co. v. Ryan, 2 Cir., 182 F.2d 329.

5. Magnetic Engineering & Mfg. Co. v. Dings Mfg. Co., supra. In that case,

 If, however, the district court lacked all power to order a transfer, so that its order is a nullity, we will issue a writ of mandamus.[6] But we think that here there was no such lack of power. 28 U.S.C. § 1404(a) relates to "any civil action"; see Ex parte Collett, 337 U.S. 55, 58, 69 S. Ct. 944, 959, 93 L.Ed. 1207; United States v. National City Lines, 337 U.S. 78, 81, 83, 69 S.Ct. 955, 93 L.Ed. 1226; cf. 28 U.S.C. § 1333.[7]

Appeal dismissed. Treating it as a petition for a writ of mandamus, the petition is dismissed.

---

the writer of the present opinion dissented; he still believes that decision wrong—see Atlantic Coast Line R. Co. v. Davis, 5 Cir., 185 F.2d 766—but will abide by it until his colleagues are ready (as now they are not) to overrule it.

6. Foster-Milburn Co. v. Knight, 2 Cir., 181 F.2d 949.

7. It is perhaps arguable that § 1404(a) does not apply to an *in rem* proceeding because it could not have been brought in the transferee district. But we need not and do not pass on that question.