**MORAN TOWING & TRANSPORTATION CO., Inc., South American Towing Corp. and Moran Towing Corp., Libellants-Appellants,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 26667.

United States Court of Appeals Second Circuit.

Motion Argued April 10, 1961.

Decided May 9, 1961.

Eugene Underwood, New York City (John S. Rogers and Burlingham, Hupper & Kennedy, New York City, on the brief), for libellants-appellants.

Louis E. Greco, Atty. in Charge, Admiralty and Shipping Section, Dept. of Justice, New York City (Morton S. Robson, U. S. Atty. for Southern Dist. New York, New York City, on the brief), for respondent-appellee.

Before CLARK, MEDINA and FRIENDLY, Circuit Judges.

MEDINA, Circuit Judge.

We have before us a motion by the United States to dismiss an appeal from an order of Judge Cashin, in admiralty, granting a stay pending the determina-

tion of certain questions of fact pursuant to a Disputes Clause in a maritime contract and denying a motion by libellants to overrule exceptive allegations. We shall give only a brief description of the libel, the exceptions thereto and the contentions of the parties as these are set forth in some detail in Judge Cashin's opinion, reported at 192 F.Supp. 855.

The various issues have their origin in a maritime contract between Moran Towing and Transportation Co., Inc. and the United States for the towage of a certain 100-ton crane barge BD 6074 from Charleston, South Carolina, to a French-Atlantic port to be named by appellee. While proceeding on this voyage and on the afternoon of August 9, 1957, the barge broke adrift. The French trawler Pierre et Laurent rendered certain assistance and, finally, the barge, in tow from the tug Edmond J. Moran, and accompanied by the tug Joseph H. Moran II and the Pierre et Laurent, made port at St. Nazaire, France.

The upshot of all this was a suit in a French court against Moran by the owner of the Pierre et Laurent for salvage assistance, damage claimed to have been sustained by the Pierre et Laurent and miscellaneous additional damages.

The libel herein sought indemnity from appellee for the amount of the judgment rendered in the French court against Moran on the theory that the breaking away of the barge was due to the fault of the United States and in breach of the terms of the contract of towage. It is alleged that appellee equipped the barge with certain padeyes and shackles to which the bridles and towline were to be attached, that appellee fitted the shackles into the padeyes and "supervised and directed the make-up of the tow and in accordance with its [appellee's] directions the bridles and towline furnished by said tug were connected to the shackles and padeyes fitted to the barge by" appellee. It is further alleged that the bridles and towline remained intact and that the giving way of the improper and inadequate shackles and padeyes caused the barge to break loose. All

these allegations or most of them are put in issue by the appellee's exceptive allegations.

The clauses of the contract relied upon by libellants are:

"Article 5. Fitting Out Tow.—The Government shall fit out and maintain the tow in a proper and sufficient manner in all respects and shall hold harmless the Contractor and the tug from any and all loss, damage or liability arising out of, or in any way contributed to by, the unseaworthiness of the tow, or by any deficiency in, or failure of, its machinery, equipment or the personnel on board.

"Article 6. Fitting Out Tug.— The Contractor shall fit out and maintain the tug for this towage service in a proper and sufficient manner in all respects and shall indemnify the Government and the tow against, and hold them harmless from, any and all loss, damage or liability arising out of, or in any way contributed to by the unseaworthiness of the tug, or by any deficiency in, or failure of, its machinery, equipment or the personnel on board."

The contract also contained the following Disputes Clause:

"Article 29. Disputes.—Except as otherwise provided in this contract, any dispute concerning a question of fact arising under this contract which is not disposed of by agreement shall be decided by the Contracting Officer, who shall reduce his decision to writing and mail or otherwise furnish a copy thereof to the Contractor. Within 30 days from the date of receipt of such copy, the Contractor may appeal by mailing or otherwise furnishing to the Contracting Officer a written appeal addressed to the Secretary, and the decision of the Secretary or his duly authorized representative for the hearing of such appeals shall, unless determined by a court of com-

petent jurisdiction to have been fraudulent or capricious or arbitrary, or so grossly erroneous as necessarily to imply bad faith, or not supported by substantial evidence, be final and conclusive; *provided* that, if no such appeal is taken, the decision of the Contracting Officer shall be final and conclusive. In connection with any appeal proceeding under this clause, the Contractor shall be afforded an opportunity to be heard and to offer evidence in support of its appeal. Pending final decision of a dispute hereunder, the Contractor shall proceed diligently with the performance of the contract and in accordance with the Contracting Officer's decision."

Holding there were disputed questions of fact that must be decided by the Contracting Officer, with right of appeal to the Secretary, as provided in the Disputes Clause, Judge Cashin stayed further prosecution of the libel. His ruling was: "Respondent's motion for a stay is granted but the libel is not dismissed."

■ We think the order is plainly interlocutory and not appealable. The effect of the order is merely to hold the proceeding in admiralty in abeyance until the contractual remedy has been exhausted and the factual disputes between the parties decided by the Contracting Officer, subject to revision on appeal to the Secretary. While appellants claim "the practical effect of the stay order is to terminate * * * this litigation on the merits," we disagree. After a decision has been made under the Disputes Clause, the matter will then be ripe for such adjudication by the District Court as the terms of such decision and the contentions of the parties at that time make proper. Moreover, if the facts should be decided against appellants by the Contracting Officer and the libel should be dismissed, appellants may then on appeal from the final decree bring up for review the legality and propriety of the rulings already made by Judge Cashin, including his rulings relative to the construction of the Disputes Clause, and the alleged waiver of the terms of the Disputes Clause by appellee's payment of the final balance due under the contract.

Moreover, since the order appealed from does not "fall in that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated," Cohen v. Beneficial Industrial Loan Corp., 1949, 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528, appellants' reliance on such cases as Cohen v. Beneficial Industrial Loan Corp., supra; Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 1950, 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206; and Forgay v. Conrad, 1848, 6 How. 201, 47 U.S. 201, 12 L.Ed. 404, is misplaced.

While this is not a situation covered by the Federal Arbitration Act, 9 U.S.C. § 1 et seq., as the Disputes Clause here does not provide for arbitration, or for the appointment of arbitrators, it is closely analogous to arbitration and we think the reasoning of the cases holding stays in pending actions to await the decision of arbitrators to be interlocutory and not appealable, see Schoenamsgruber v. Hamburg American Line, 1935, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989; Farr & Co. v. Cia. Intercontinental De Navegacion De Cuba, S.A., 2 Cir., 1957, 243 F.2d 342, 344–345; see also New York, N. H. & H. R. R. v. Lehigh & New England R. R., 2 Cir., 1961, 287 F.2d 678; Chabot v. National Securities and Research Corp., 2 Cir., 1961, 290 F.2d 657, 658, applies with equal force to stays granted in actions against the United States pending reference of questions of fact to a Contracting Officer.

■■ Appellants also claim that the order is appealable as an injunction under 28 U.S.C. § 1292. The power of admiralty to issue injunctions appears to be circumscribed; some authorities deny any power except in limitation proceedings, Schoenamsgruber v. Hamburg

American Line, supra, a view criticized as too narrow. Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., supra, 339 U.S. at pages 689–690, 70 S.Ct. at page 865; Gilmore & Black, The Law of Admiralty (1957) 37–39; Morrison, The Remedial Powers of the Admiralty (1933) 43 Yale L. J. 1. But in any event we do not regard this as an injunction, but only as a mere calendar order.

Motion granted.