305 F.2d 941
 Robert SOLOMON, Carl A. Hubbell, Martin E. McCary, and John Bell, Petitioners,
v.
Honorable Walter BRUCHHAUSEN, United States District Court, Eastern District of New York, Respondent.
Paul MAXIMO, Walter Salo, Arthur R. Cruys, and Robert J. Eagen, Petitioners,
v.
Honorable Walter BRUCHHAUSEN, United States District Court, Eastern District of New York, Respondent.
 Docket 27585.
 Docket 27586.
 United States Court of Appeals Second Circuit.
 Argued June 4, 1962.
 Decided July 31, 1962.
 
 Lee Pressman, New York City (David Scribner and Ned R. Phillips, New York City, of counsel), for petitioners.
 Krisel, Beck & Taylor, New York City, for Isbrandtsen Co., Inc., intervenor.
 Before LUMBARD, Chief Judge, and CLARK and WATERMAN, Circuit Judges.
 CLARK, Circuit Judge.
 
 
 1
 Petitioners, seamen on vessels of Isbrandtsen Company, Inc., brought libels in rem against their employer, alleging nonpayment of earned wages. Following provision of security by Isbrandtsen, the libeled vessels were released. Isbrandtsen then filed cross-libels in both actions alleging abuse of process by the petitioners in arresting the vessels. Judge Bruchhausen, acting pursuant to Admiralty Rule 50, ordered the actions stayed until petitioners posted security for damages on the cross-libels. Asserting that the orders are erroneous and prejudicial, and that they are not appealable, petitioners here petition for a writ of mandamus to compel the trial judge to vacate the stays and permit the suits to proceed. Because we conclude that the application of Admiralty Rule 50 in this case was erroneous, and results in substantial prejudice to petitioners which cannot be cured on appeal, we grant the petitions.
 
 
 2
 The first question for determination is whether the orders are appealable; if they are, mandamus is not a proper remedy herein. The stays cannot be considered orders granting an injunction and thus appealable under 28 U.S.C. § 1292(a) (1). Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989. Nor may the stays be appealed under 28 U.S.C. § 1292 (a) (3), as they do not determine the rights and liabilities of the parties. See Allen N. Spooner & Son, Inc. v. Connecticut Fire Ins. Co., 2 Cir., 297 F.2d 609. Since interlocutory appeals cannot be taken from the orders, we may turn to a consideration of the merits of petitioners' claim.
 
 
 3
 The trial court erred in permitting Isbrandtsen to bring cross-libels for abuse of process in these actions. Admiralty practice places strict limitations upon the bringing of cross-libels. It is well settled that, under Admiralty Rule 50, only if a claim arises out of the same contract or cause of action for which the original libel was filed may it be consolidated by cross-libel with the original claim. United States v. Isthmian S. S. Co., 359 U.S. 314, 79 S.Ct. 857, 3 L.Ed.2d 845. The Chief Justice there, after citing and analyzing the many cases, went on to state that if this procedure is "anachronistic" the remedy was through exercise of the rule-making power now granted the Court, and not through change by decision. It is difficult to find a claim for abuse of process in bringing an original libel as arising out of the original "cause of action" under the restricted approach here stated, for the claim for abuse of process depends upon the outcome of the original proceeding. Even under the Civil Rules, which permit counterclaims arising out of wholly unrelated transactions, F.R. 13 (b), a claim for abuse of process in initiating an action is held premature and not available even as a permissive counterclaim to that action. Bach v. Quigan, D.C.E.D.N.Y., 5 F.R.D. 34; 1A Barron & Holtzoff, Federal Practice & Procedure 562, 563 (Wright Ed. 1960); 3 Moore's Federal Practice ¶ 13.13, p. 36 (2d Ed. 1948); Wright, Estoppel by Rule: The Compulsory Counterclaim under Modern Pleading, 38 Minn.L.Rev. 423, 444, 445 (1954); Note, 58 Yale L.J. 490 (1949). Hence it would seem clear a fortiori that such a claim may not be brought in admiralty by cross-libel. Cf. Isbrandtsen Co. v. Johnson, 343 U.S. 779, 72 S.Ct. 1011, 96 L.Ed. 1294. It was therefore error for the trial court to permit Isbrandtsen to raise its claim of abuse of process by cross-libel.
 
 
 4
 This error led the court to contravene a fundamental facet of the broad Congressional policy favoring and facilitating seamen's wage claim suits. Congress has looked with great favor upon such actions; has regulated them in great detail; and has granted seamen preferential treatment over other litigants in admiralty. See Isbrandtsen Co. v. Johnson, supra, 343 U.S. 779, 72 S.Ct. 1011; Warner v. Goltra, 293 U.S. 155, 55 S.Ct. 46, 79 L.Ed. 254; Robinson on Admiralty 285-286 (1939). Seamen's wages are protected even from legitimate claims of their employers or others. Wilder v. Inter-Island Steam Nav. Co., 211 U.S. 239, 29 S.Ct. 58, 53 L.Ed. 164. One of the advantages Congress has given seamen prosecuting wage claims is access to the federal courts free of all requirements to post security as a condition of suit. Normally a libelant need not post security of any kind to answer in damages, but he may be required to give security for costs. Admiralty Rule 24; Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co., 263 U.S. 629, 633, 44 S.Ct. 220, 68 L.Ed. 480. In order to free seamen of all financial preconditions to suit, Congress passed a statute relieving them of any requirement even to provide security for fees and costs. Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co., supra, 263 U.S. 629, 633, 44 S.Ct. 220. This statute, 28 U.S.C. § 1916, now provides: "In all courts of the United States, seamen may institute and prosecute suits and appeals in their own names and for their own benefit for wages or salvage or the enforcement of laws enacted for their health or safety without prepaying fees or costs or furnishing security therefor." The order of the district court here, conditioning access to the court in a wage claim suit upon the posting of security, violates the Congressional policy of free access, evidenced by the quoted statute.
 
 
 5
 Isbrandtsen argues, however, that Admiralty Rule 50, which permits a stay of an original libel brought in rem until security is posted on a cross-libel, must control in this case. The policy of this rule is to require a libelant who has compelled the respondent to post security for damages to provide in his turn a like security on any cross-libel. The rule does constitute an exception to the general principle that no party in admiralty can be required as a condition of bringing suit to give security to satisfy the claim of another. Washington-Southern Nav. Co. v. Baltimore & Philadelphia Steamboat Co., supra, 263 U.S. 629, 633, 44 S. Ct. 220. Whether in a seaman's suit for wages its policy in a proper case would override the seaman's right of free access is a difficult question which we need not decide here. As we have indicated, it was error to permit a cross-libel in this case; and since the rule is limited to cases where a cross-libel is proper, it has no application to the resolution of this case.
 
 
 6
 The final question is whether mandamus is the correct remedy to cure the trial court's erroneous issuance of a stay in this action. The policy of free access for wage claims is clearly an important one. And unless the order is vacated forthwith, petitioners will be seriously prejudiced, in a manner that subsequent appeals cannot cure. If they cannot post the security required, they will be unable to vindicate their claim for wages due; and even if they can provide security, they will have been subject to the very sort of inconvenience and delay from which Congress attempted to free them. We have held that mandamus will lie to vacate an order erroneously staying a seaman's personal injury claim until costs of a prior proceeding were paid. Gregory v. Dimock, 2 Cir., 286 F. 2d 717. While this order was not in direct contradiction to 28 U.S.C. § 1916, which refers to prepayment of costs and thus to the costs of the proceeding initiated by the libel, we held there that the stay was in contravention of the general policy of free access evidenced by that statute, and thus mandamus would lie to vacate it. A like conclusion must follow in the present case.
 
 
 7
 The petitions are granted; the stays must be vacated and the actions permitted to proceed.