**J. M. HUBER AND CO., Appellee,**

v.

**The M/V PLYM, her engines, tackle, etc., in rem,**

and

**Plym Shipping Co., in personam, Appellant.**

No. 72–2048.

United States Court of Appeals, Fourth Circuit.

Argued Oct. 5, 1972.

Decided Oct. 25, 1972.

Robert M. Hughes, III, Norfolk, Va. (Seawell, McCoy, Winston & Dalton, Norfolk, Va., on brief), for appellant.

R. Arthur Jett, Jr., Norfolk, Va. (Jett, Berkley, Furr & Heilig, Norfolk, Va., on brief), for appellee.

Before CRAVEN, RUSSELL and FIELD, Circuit Judges.

PER CURIAM:

Faced with a motion to dismiss this appeal, the defendant-appellant urges that the order of the district court denying its motion to stay plaintiff's admiralty action pending arbitration is an "injunction" and therefore an appealable interlocutory order under 28 U.S.C. § 1292(a)(1).

The complaint which seeks recovery for damages to cargo owned by the plaintiff identifies the claim as admiralty or maritime in nature under Rule 9(h), Federal Rules of Civil Procedure. The answer asserts as an affirmative defense a provision of the charter party that all disputes thereunder would be referred to arbitration, and after the parties had engaged in certain pre-trial procedures and six months subsequent to the filing of the complaint, the defendant moved the court to stay further proceedings pending resolution of the dispute by arbitration. Holding that the defendant was guilty of unreasonable delay, the district judge denied the motion whereupon the defendant noticed this appeal.

We think dismissal of the appeal is clearly mandated under Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 55 S.Ct. 475, 79 L.Ed. 989 (1935). *Schoenamsgruber* was decided under the controversial rationale applied by the Court in Morgantown v. Royal Ins. Co., 337 U.S. 254, 69 S.Ct. 1067, 93 L.Ed. 1347 (1949); Ettelson v. Metropolitan Life Ins. Co., 317 U.S. 188, 63 S.Ct. 163, 87 L.Ed. 176 (1942); Enelow v. New York Life Ins. Co., 293 U.S. 379, 55 S.Ct. 310, 79 L.Ed. 440 (1935) and Shanferoke Coal and Supply Corp. v. Westchester Service Co., 293 U.S. 449, 55 S.Ct. 313, 79 L.Ed. 583 (1935). A distillation of these decisions is that if the underlying action is one at law the grant or denial of a stay is in effect an "injunction" in equity and appealable under § 1292(a)(1); but if the underlying action is in equity or admiralty the fictional "injunction" is lacking and therefore an order on the motion to stay is not appealable. See Chapman v. International Ladies' Garment Workers' Union, 401 F.2d 626, 628 (4 Cir. 1968).

While the rule has been widely criticized,[1] the Court adhered to it, albeit with some reluctance, in Baltimore Contractors v. Bodinger, 348 U.S. 176, at 184, 75 S.Ct. 249, at 254, 99 L.Ed. 233 (1955), stating:

"The reliance on the analogy of equity power to enjoin proceedings in other courts has elements of fiction in this day of one form of action. The incongruity of taking jurisdiction from a stay in a law type and denying jurisdiction in an equity type proceeding springs from the persistence of outmoded procedural differentiations. Some simplification would follow from an assumption or denial of jurisdiction in both. The distinction has been applied for years, however, and we conclude that it is better judicial practice to follow the precedents which limit appealability of interlocutory orders, leaving Congress to make such amendments as it may find proper."

Were the decisional slate clean we would have no hesitancy in discarding this fictional distinction and upholding appealability, but it would appear that the solution to this "incongruity" must come from the Congress or upon reconsideration by the Supreme Court.

Motion to dismiss the appeal is granted.

Appeal dismissed.

1. Penoro v. Rederi A/B Disa, 376 F.2d 125 (2 Cir. 1967), cert. denied sub. nom., Rederi A/B Disa v. Cunard S/S Co., 389 U.S. 852, 88 S.Ct. 78, 19 L.Ed.2d 122 (1968) (Justices Black and Douglas dissenting); 5 Moore, Federal Practice (2d ed. 1966) ¶ 39.13 [2]; Wright, Law of Federal Courts (2d ed. 1970) § 102.