**A & R MARINE SALVAGE, INC.,
Plaintiff, Appellant,**

v.

**McALLISTER LIGHTERAGE LINE,
INC., et al., Defendants, Appellees.**

**No. 76–1274.**

United States Court of Appeals,
First Circuit.

Submitted Aug. 30, 1976.

Decided Nov. 17, 1976.

Sanford A. Kowal and Sallop, Kowal & Davis, Assoc., Boston, Mass., on brief for appellant.

Thomas H. Walsh, Jr., Zachary R. Karol, and Bingham, Dana & Gould, Boston, Mass., on brief for appellees.

Before COFFIN, Chief Judge, and McENTEE and CAMPBELL, Circuit Judges.

COFFIN, Chief Judge.

This appeal presents the question whether a federal court has the power to issue an injunction on behalf of a maritime claimant under either 28 U.S.C. § 1332 (diversity) or 28 U.S.C. § 1333 (admiralty). Although the question presented is a narrow legal one, the factual background is critical to an understanding of the issues presented. In May, 1976, A & R Marine Salvage Company (A & R), a Massachusetts corporation, discovered that the DEEP BARGE No. 285 (Barge) had apparently been abandoned at sea and was in danger of sinking. It thereupon commenced operations to salvage the Barge and its cargo. The vessel charterer, McAllister Lighterage Lines Co. (McAllister), a New York corporation, thereafter returned to the Barge, discovered that A & R had commenced salvage operations, informed A & R's representatives that it had not abandoned the Barge, and demanded that A & R relinquish possession of the vessel. A & R refused to do so.

Shortly after taking possession of the Barge, A & R had instituted an action in federal district court for the district of Massachusetts, alleging jurisdiction under § 1333, and seeking to establish its claim that its efforts, past and future, did and would entitle it to a liberal salvage award. McAllister subsequently counterclaimed, alleging jurisdiction under both § 1332 and § 1333, and prayed that an injunction be granted which would permit it to take over the salvage operations. The district court granted a preliminary injunction on the condition that McAllister post a bond for $750,000. This bond was apparently designed to provide A & R with security in the event that the injunction was determined to have been improper. In that event A & R presumably would have been entitled to recover not only a salvage award for its efforts prior to the issuance of the injunction but also damages for the wrong-

ful procurement of the injunction—which would be measured on the basis of the profits A & R would have earned if it had completed the salvage operation. A & R appeals from the entry of the preliminary injunction, not on the ground that the district court erred in concluding that the vessel charterer's right to possession was superior to the salvors, but rather on the ground that the district court did not have jurisdiction to issue injunctive relief of any kind.

After this appeal was filed and before McAllister, who had, by virtue of the injunction, regained possession of the vessel, commenced its own salvage operations, the Barge broke up and sank. McAllister now represents to this court that it has abandoned its own efforts to salvage the vessel or its cargo and that A & R may, without objection from McAllister, resume its salvage attempts.

█ Because of these supervening facts, a question arises whether there is presently a live controversy between the parties. We think it likely that there is not. The conflict over salvage rights in the Barge is moot, and we strongly doubt that this issue is so likely to recur between the parties that the issue on appeal should nevertheless be decided. *See DeFunis v. Odegaard,* 416 U.S. 312, 318–19, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974) and cases cited. We also doubt that the resolution of the issue presented on appeal could have any consequences for the determination of A & R's claim for damages. *See Liner v. Jafco, Inc.,* 375 U.S. 301, 305–06, 84 S.Ct. 391, 11 L.Ed.2d 347 (1963). Even if we were to hold that the district court lacked jurisdiction to issue an injunction, it would not necessarily follow that A & R would be entitled to recover damages based on the profits it would have recovered if it had not been compelled to relinquish possession of the vessel to McAllister. We tend to think that A & R's right to damages would depend entirely upon whether it had a right to continue the salvage operation, notwithstanding the vessel charterer's demand that A & R relinquish possession. Whether or not the injunction was proper, we doubt that A & R would have a right to damages for its lost profits if it had no right to continue the salvage efforts after the vessel charterer had demanded that possession be returned to it.

█ Although we have serious reservations as to whether there is a case or controversy, the issue is not free from doubt, and we will decide the question whether, assuming, as we must for present purposes, the existence of the normal predicates for injunctive relief, the district court had jurisdiction to issue an injunction. Were the only statutory basis for the court's jurisdiction § 1333—original jurisdiction over maritime claims—we would face the interesting question whether the language in such cases as *Schoenamsgruber v. Hamburg American Line,* 294 U.S. 454, 457–58, 55 S.Ct. 475, 79 L.Ed. 989 (1935), to the effect that admiralty courts lack this power accurately states the present law.* But in this case there is an independent basis of jurisdiction, diversity of citizenship. A state court—and, therefore, a federal court sitting in diversity, *compare Guaranty & Trust Co. v. York,* 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945)—has the authority to supplement the remedies available on the admiralty side of a federal court with those customarily administered in that state. *See Red Cross Line Co. v. Atlantic Fruit Co.,* 264 U.S. 109, 44 S.Ct. 274, 68 L.Ed. 582 (1924); *cf. Kossick v. United Fruit Co.,* 365 U.S. 731, 740, 81 S.Ct. 886, 6 L.Ed.2d 56 (1961). Massachusetts state courts have the power to issue injunctive relief, and we

---

* In the past we have assumed this point. *See Carroll v. Protection Maritime Ins. Co., Ltd.,* 512 F.2d 4, 9 (1st Cir. 1975). The *Schoenamsgruber* doctrine, however, has been criticized as unnecessarily crippling an admiralty court's power to do justice, *see* G. Gilmore & C. Black, The Law of Admiralty p. 41 (2d ed. 1975), and several Supreme Court opinions subsequent to *Schoenamsgruber* suggest that the limitation may no longer apply. *See Vaughan v. Atkinson,* 369 U.S. 527, 530, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962); *Swift & Co. Packers, Inc. v. Compania Colombiana Del Caribe, S.A.,* 339 U.S. 684, 691–92, 70 S.Ct. 861, 94 L.Ed. 1206 (1950). Moreover, the limitation may not have survived the procedural unification of admiralty with the ordinary civil action. *See* Colby, *Admiralty Unification,* 54 Geo.L.J. 1258, 1268–69 (1966).

have no basis for saying that they would not do so here where we must assume both that McAllister had a legal right to regain possession of the Barge and that the other prerequisites to injunctive relief were present. Therefore, there is no question but that the federal court had jurisdiction to enter the injunction.

*Affirmed.*