**EDDIE STEAMSHIP COMPANY LTD.,**
**Plaintiff-Appellee,**

v.

**P.T. KARANA LINE,**
**Defendant-Appellant.**

**No. 1611, Docket 84–7523.**

United States Court of Appeals,
Second Circuit.

Argued June 28, 1984.

Decided June 29, 1984.

William P. Byrne, New York City (Byron King Callan, Cichanowicz & Callan, New York City, on the brief), for plaintiff-appellee.

Howard S. Miller, New York City (Brian D. Starer, Haight, Gardner, Poor & Havens, New York City, on the brief), for defendant-appellant.

Before KEARSE, PIERCE and SWYGERT,[*] Circuit Judges.

PER CURIAM:

Defendant-appellant P.T. Karana Line ("Karana") appeals from an order of the United States District Court for the Southern District of New York, Richard Owen, *Judge,* ordering it to cause the release of its attachment of the STEEL TRANSPORTER, a ship owned by plaintiff Eddie Steamship Company Ltd. ("Eddie") and located in Richards Bay, South Africa. On appeal, Karana contends, *inter alia,* that the district court lacked subject matter jurisdiction over the action, lacked personal jurisdiction over Karana, lacked the power

---

[*] Honorable Luther M. Swygert, Sr., Senior Judge of the United States Court of Appeals for the Seventh Circuit, sitting by designation.

to issue an injunctive order, applied the wrong body of substantive law, and abused its discretion in entering the order. Because we are not persuaded that the court had the power to grant the requested injunction, we vacate the order and remand to the district court.

## BACKGROUND

Briefly summarized, the controversy has its origins in a fire that caused millions of dollars of damage to a ship owned by Karana, an Indonesian shipowner, and chartered to Eddie, a Chinese business entity, in 1981. As a result, Karana brought arbitration proceedings in New York against Eddie. In connection with the arbitration proceedings, in 1981 Karana attached certain assets belonging to Eddie as security for its claims in arbitration. Eventually, those attachments were vacated after Eddie was required by a federal court in Louisiana to post a bond in the amount of $3,150,000.

The arbitration proceedings have gone forward and have recently resulted in a partial final award of the arbitrators, ruling that Eddie is liable for the damages resulting from the fire; the amount of those damages remains to be determined. Karana claims that events and claims filed against it since the 1981 posting of security reveal that its losses from the fire will total nearly $5,000,000; and it asserts that various actions by creditors of Eddie have revealed Eddie to be in precarious financial condition. Accordingly, Karana caused the Supreme Court of South Africa to issue an order of attachment on the STEEL TRANSPORTER located in Richards Bay, South Africa, in order to obtain additional security for its losses.

Eddie commenced the present action, alleging that the attachment of the STEEL TRANSPORTER was wrongful and in violation of the 1981 order of the Louisiana federal court. Invoking the court's admiralty jurisdiction, Eddie requested princi-

pally an injunction requiring Karana to cause the attachment to be released. The district court, ruling that the new attachment conflicted with the purpose of the arbitration statute[1] and that Karana had not proven that special circumstances justified a new attachment, entered the injunction requested by Eddie.

Karana unsuccessfully moved in the district court for a stay pending appeal, and then sought such relief in this Court. In support of its motion here, Karana has stated in an affidavit that other creditors of Eddie have now attached the STEEL TRANSPORTER and have scheduled a judicial sale of the vessel for July 2, 1984. This Court granted a stay of the district court's order and expedited the appeal.

For the reasons below, we conclude that the district court lacked the power to enter the requested injunction, and we reverse and remand for such further proceedings as may be appropriate.

## DISCUSSION

The traditional view is that a court of admiralty has no power to issue injunctions. *See, e.g., The Eclipse,* 135 U.S. 599, 10 S.Ct. 873, 34 L.Ed. 269 (1890). That principle was modified in *Schoenamsgruber v. Hamburg American Line,* 294 U.S. 454, 55 S.Ct. 475, 7 L.Ed. 989 (1935), in which the lower court had stayed trial of the action pending arbitration, and the petitioner claimed that the stay was appealable as an interlocutory injunction. The Supreme Court dismissed the appeal, ruling that "[w]hile courts of admiralty have capacity to apply equitable principles in order the better to attain justice, they do not have general equitable jurisdiction and, except in limitation of liability proceedings, they do not issue injunctions." *Id.* at 457–58, 55 S.Ct. at 477 (footnotes omitted). *See also Swift & Co. Packers v. Compania Colombiana Del Caribe,* 339 U.S. 684, 70 S.Ct. 861, 94 L.Ed. 1206 (1950) (court of

---

1. The court's reference was to the Federal Arbitration Act, 9 U.S.C. §§ 1 *et seq.* (1982), which had been invoked in the earlier litigation over Karana's prior attachments of Eddie's assets.

Eddie's complaint in the present action did not mention the arbitration statute and did not suggest that Karana was not proceeding with the arbitration.

admiralty has jurisdiction to determine an equitable issue—the defense of fraudulent transfer of a vessel—when the case was otherwise maritime in nature).

This Court has concluded that although the proscription against equitable relief stated in *The Eclipse* has been eroded by subsequent cases, "the power of an admiralty court to grant injunctive relief remains severely circumscribed. *See Moran Towing & Transportation v. United States*, 290 F.2d 660, 662 (2d Cir.1961)." *New York State Waterways Association, Inc. v. Diamond*, 469 F.2d 419, 421 n. 2 (2d Cir.1972). The view that the equity powers of an admiralty court remain severely circumscribed was followed most recently in *Tradax Limited v. M.V. Holendrecht*, 550 F.2d 1337 (2d Cir.1977).

Much of the reason for the original rule has vanished, *see, e.g.*, G. Gilmore & C. Black, *The Law of Admiralty* § 1–14 (2d ed. 1975); Note, *Admiralty Practice After Unification: Barnacles on the Procedural Hull*, 81 Yale L.J. 1154, 1157–63 (1972), and some of our sister Circuits have held that in proper cases admiralty courts may issue injunctions, *see Pino v. Protection Maritime Insurance Co.*, 599 F.2d 10 (1st Cir.), *cert. denied*, 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979); *Lewis v. S.S. Baune*, 534 F.2d 1115 (5th Cir.1976). Indeed, we may well join those circuits when we are confronted with an appropriate case. Given the record in the present case, however, we see no persuasive reason here to depart from the traditional principle. Although Eddie urges on appeal that the injunction is sought in aid of the arbitration in New York, the arbitration has proceeded apace and there is no indication that Karana seeks to avoid it. Indeed, Karana has received a favorable decision as to liability that makes Eddie liable for all damages resulting from the fire. Given that the attachment of the vessel seems to have no impact on the New York arbitration proceedings, the connection of the New York federal court with this controversy is quite tenuous. Both Eddie and Karana are foreign companies; the ship attached is in South Africa; and the order originally granting Karana security was issued by a Louisiana federal court. It is hardly clear that United States law, applied below, should be applied; and the issues may be litigated in the South African court, which apparently has jurisdiction of the parties and the vessel. Further, Karana raises a serious question as to whether the court in New York has in personam jurisdiction over it.

The district court addressed these issues only conclusorily, and we are faced with a record that, if adequately developed, might well reveal merit in one or more of Karana's other arguments for reversal of the district court's order. In all the circumstances, this does not seem to us an appropriate case for the Court to change the law of the Circuit as to the injunctive powers of the district court sitting in admiralty.

Accordingly, we vacate the order of the district court enjoining Karana to release its attachment of the STEEL TRANSPORTER.

Although Karana urges that we also order the action dismissed, we note that Eddie's complaint included a request for damages of $11,000 per day during Karana's attachment. The parties appear to agree that that attachment existed for several days before other creditors attached the vessel. Our decision that the court had no power to grant the requested injunction thus does not resolve all of the issues in the litigation. We express no view as to the merits of the other issues raised on appeal, and we remand for such further proceedings as may be appropriate. Absent the press of an artificial deadline, those issues may be developed properly in the district court.

## CONCLUSION

The order of the district court is vacated and the cause is remanded. Costs to appellant. The mandate shall issue forthwith.

SWYGERT, Senior Circuit Judge, dissenting.

The majority asserts that this is an inappropriate case—at least in its present pos-

ture—to reexamine the first and fundamental question: Did the district court sitting in admiralty have the power to issue the mandatory injunction directing the Karana Line to release its attachment of the STEEL TRANSPORTER owned by the Eddie Steamship Company?

As predicate of its stance, the majority, after referring to the traditional idea that admiralty courts have no injunctive powers (*The Elipse*, 135 U.S. 599, 10 S.Ct. 873, 34 L.Ed. 269 (1890)), states that this proscription, though eroded by later cases, remains the underlying approach of this court. *See New York State Waterways Ass'n, Inc. v. Diamond*, 469 F.2d 419, 421 n. 2 (2d Cir. 1972) ("[T]he power of an admiralty court to grant injunctive relief remains severely circumscribed.").

The majority then lists a number of alleged impediments that make this an inappropriate case for a definitive ruling on the jurisdictional question. Those impediments, however, do not speak to the jurisdictional question; rather, they address a different question: whether the district court, given the fact that it had injunctive powers, properly exercised that power in light of the circumstances described by the majority. I believe the majority has misapprehended these circumstances. Rather than waiting for an "appropriate case for the Court to change the law of the Circuit as to the injunctive powers of the district court sitting in admiralty," we should change the law of the circuit now because the question is ripe for resolution.

It is my further belief that the district court is clothed with the power to issue the injunction from which this appeal is taken. As support for that view, I adopt the reasoning of the First Circuit in *Pino v. Protection Maritime Insurance Co.*, 599 F.2d 10 (1st Cir.), *cert. denied*, 444 U.S. 900, 100 S.Ct. 210, 62 L.Ed.2d 136 (1979), and that of the Fifth Circuit in *Lewis v. S.S. Baune*, 534 F.2d 1115 (5th Cir.1976). (The rationales of the two circuits are substantially identical.)

As to the other issues, I would hold that the district court exercised *in personam*

jurisdiction over the defendant, *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Lecopulos*, 553 F.2d 842 (2d Cir.1977), and the district court did not abuse its discretion when it entered the injunctive order under the facts of this case. In my opinion, none of the circumstances alluded to by the majority for consideration on remand stands in the way of the grant of the injunction.

I would affirm.