In the Matter of the COMPLAINT OF HORNBECK OFFSHORE (1984) CORPORATION and Hornbeck Offshore Operators, Inc., for Exoneration from or Limitation of Liability, as Owners and Owners pro hac vice of the M/V H.O.S. Goliath.

HORNBECK OFFSHORE (1984) CORPORATION, Hornbeck Offshore Operators, Inc., The Embassy of the Republic of Tunisia and The Office of Cereales of the Republic of Tunisia, Appellees,

v.

COASTAL CARRIERS CORPORATION, Claimant–Appellant.

No. 92–7261.

United States Court of Appeals, Fifth Circuit.

Jan. 6, 1993.

Rehearing Denied Feb. 5, 1993.

Robert V. Corbett, Cardillo & Corbett, New York City and Robert C. Davee, Eastham, Watson, Dale & Forney, Houston, TX, for claimant-appellant.

John K. Meyer, Meyer, Orlando & Evans, Houston, TX, for Hornbeck Offshore.

Edward J. Patterson, Jr., Royston, Rayzor, Vickery & Williams, Galveston, TX, and William N. France and Richard Singleton, Healy & Baillie, New York City, for Embassy of Rep. of Tunisia and Office of Cereales of the Rep. of Tunisia.

Before JONES and BARKSDALE, Circuit Judges, and PRADO [1], District Judge.

BARKSDALE, Circuit Judge:

In issue is the wide reach of the Federal Arbitration Act, 9 U.S.C. § 1, *et seq.* Appellant Coastal was owner of a barge carrying cargo for appellee Tunisia that sank while under tow by a boat chartered by Coastal from the other appellees (Hornbeck); and it appeals from the denial of a stay pending arbitration in Hornbeck's limitation of liability action. We REVERSE.

I.

In November 1989, Tunisia voyage-chartered a barge and tow from Coastal, to transport wheat from California to Tunisia; and, in turn, Coastal chartered the tow from Hornbeck. The Coastal/Hornbeck towage agreement contained an arbitration clause, providing that "[s]hould any dispute arise between [them], the matter in dispute shall be referred to [arbitration]".

In March 1990, the laden barge sank while under tow in the Atlantic. The parties dispute whether Hornbeck, Coastal, or both were at fault. In March 1991, Hornbeck filed an action in federal court in Texas under the Limitation of Liability Act, 46 U.S.C.App. §§ 181, *et seq.*[2] Accordingly, in that action, Tunisia filed a claim for loss of the wheat; Coastal, for indemnity and/or contribution under the towage agreement, in the event that Tunisia obtained judgment against it in separate proceedings.[3] Subsequently, Coastal moved to

---

1. District Judge for the Western District of Texas, sitting by designation.

2. The Act provides that the liability of a shipowner for any damage arising from a maritime casualty which is occasioned without the privity or knowledge of the shipowner shall not exceed the value of the vessel at fault together with her pending freight. 46 U.S.C.App. § 183(a). When the shipowner files the action, the limitation court stays all related claims against the owner pending in any forum, and requires all claimants to timely assert their claims in the limitation court. *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir.1992).

3. The numerous proceedings between the parties are tangled and far-flung. In March 1991, Tunisia commenced an action against Coastal in federal district court in Maryland, claiming damages for loss of the wheat and seeking to compel arbitration of that claim. (The voyage-charter agreement between them contained an arbitration clause identical to that in the towage agreement between Coastal and Hornbeck.) The Maryland district court withdrew Coastal's attempt to refer Tunisia's claim to bankruptcy court, and granted Tunisia a stay pending arbitration. (In early 1989, before signing the voyage-charter and towage agreements later that year, Coastal had filed for Chapter 11 bankruptcy in Maryland.) Subsequently, in June 1991, Tunisia filed a petition in federal court in New York to compel arbitration against Coastal. After the denial of the stay pending arbitration in the limitation action (at issue on this appeal), the New York court ordered Coastal to respond to Tunisia's petition. We are advised that Coastal then moved the New York court to consolidate the arbitrations between it and Tunisia and it and Hornbeck, and alternatively, for a stay of those proceedings pending this appeal. As of the time the briefs in this appeal were filed, these motions were still pending; we have not

stay the limitation proceeding, under § 3 of the Federal Arbitration Act (FAA), pending arbitration of the contribution/indemnity claim between it and Hornbeck. Without stating the bases for its ruling, the district court denied the motion.[4]

## II.

■ We have appellate jurisdiction under § 16(a)(1)(A) of the FAA, which provides: "an appeal may be taken from ... an order ... refusing a stay of any action under Section 3 of this title". 9 U.S.C. § 16(a)(1)(A).[5] Coastal contends that the district court erred in denying the stay, asserting that the arbitration clause is broadly worded to encompass the indemnity/contribution dispute. We review *de novo* the district court's order. *See Neal v. Hardee's Food Systems, Inc.,* 918 F.2d 34, 37 (5th Cir.1990).

## A.

The FAA "is a congressional declaration of a liberal policy favoring arbitration". *Moses H. Cone Memorial Hospital v. Mercury Constr. Corp.,* 460 U.S. 1, 24, 103 S.Ct. 927, 941, 74 L.Ed.2d 765 (1983). Section 3 of the FAA, 9 U.S.C. § 3, provides for a stay of legal proceedings whenever the issues in a case are within the reach of an arbitration agreement. *Midwest Mechanical Contractors, Inc. v. Commonwealth Constr. Co.,* 801 F.2d 748, 751 (5th Cir.1986).[6] This provision is mandatory: "If the issues in a case are within the reach of the agreement, the district court has no discretion under section 3 to deny the stay". *Id.*

■ In ruling on a motion for a stay under § 3, and pursuant to the plain wording of that section, a court must "first determine whether there is a written agreement to arbitrate"; then, "whether any of the issues raised are within the reach of that agreement". *Id.* at 750. Here, there is no dispute that there is a written agreement to arbitrate. Therefore, at issue is whether Coastal's claim for indemnity and/or contribution against Hornbeck is within the reach of that agreement. As noted, it provided for arbitration of "any dispute" arising between Hornbeck and Coastal.

■ This circuit distinguishes between broad and narrow arbitration clauses. If the clause is broad, the action should be stayed and the arbitrators permitted to decide whether the dispute falls within clause. *Sedco v. Petroleos Mexicanos Mexican Nat'l Oil,* 767 F.2d 1140, 1145 n. 10 (5th Cir.1985) (quoting *Prudential Lines, Inc. v. Exxon Corp.,* 704 F.2d 59, 64

---

been advised otherwise by the parties. Additionally, in April 1991, Tunisia filed a separate action against Hornbeck in the district court in Texas, which Hornbeck moved to consolidate with its limitation action. To our knowledge, that motion also remains pending.

**4.** Several months later, the district court may have presented those bases, when it denied Coastal's motion for a stay pending appeal. It stated that the claim was not referable to arbitration because the towage agreement addressed contribution and/or indemnity only by Coastal to Hornbeck.

Coastal also applied to this court for a stay pending appeal which initially was denied. We then expedited the appeal, however, and, following oral argument, granted the stay.

**5.** Despite the plain wording of 9 U.S.C. § 16(a)(1)(A), enacted in 1988, Hornbeck contests jurisdiction, relying on the *Enelow–Ettelson* doctrine, as applied in *Schoenamsgruber v. Hamburg Line,* 294 U.S. 454, 456–58, 55 S.Ct. 475, 476–77, 79 L.Ed. 989 (1935). That doctrine

was forcefully "repudiat[ed]" by the Supreme Court in *Gulfstream Aerospace Corp. v. Mayacamas Corp.,* 485 U.S. 271, 279–88, 108 S.Ct. 1133, 1138–43, 99 L.Ed.2d 296 (1988), and, in any event, addressed appealability under 28 U.S.C. § 1292(a)(1), not the FAA. *See also Turboff v. Merrill Lynch, Pierce, Fenner, & Smith,* 867 F.2d 1518, 1519–20 (5th Cir.1989).

**6.** Section 3 states:

If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3.

(2d Cir.1983)). On the other hand, if the clause is narrow, the matter should not be referred to arbitration or the action stayed, unless the court determines that the dispute falls within the clause. *Id.* "[W]henever the scope of an arbitration clause is fairly debatable or reasonably in doubt, the court should decide the question of construction in favor of arbitration." *Mar–Len of La., Inc. v. Parsons–Gilbane,* 773 F.2d 633, 635 (5th Cir.1985). Moreover, "[t]he weight of this presumption is heavy". *Id.* at 636.

We have held that arbitration clauses containing the "any dispute" language, such as the one presently before us, are of the broad type. *See Sedco,* 767 F.2d at 1144 (clause governed "any dispute or difference between the parties"); *Mar–Len,* 773 F.2d at 634 (clause governed "any dispute ... with respect to the interpretation or performance of" the contract); *Neal,* 918 F.2d at 38 (clause governed "any and all disputes" between the parties). As noted in *Sedco,* "[i]t is difficult to imagine broader general language than that contained in the ... arbitration clause, 'any dispute' ...". 767 F.2d at 1145 (quoting *Caribbean Steamship Co., S.A., v. Sonmez Denizcilik Ve Ticaret,* 598 F.2d 1264, 1266 (2d Cir.1979)).

▬ The arbitration clause in issue, nearly identical to that in *Sedco,* is broad. Therefore, the district court should have granted the stay under § 3 and permitted the arbitrators to decide, among other things, whether the contribution/indemnification dispute falls within it. *See Sedco,* 767 F.2d at 1148 ("[a]bsent allegations of fraud in the inducement of the arbitration clause itself, arbitration must proceed when an arbitration clause on its face appears broad enough to encompass the party's claims") (quoting *Life of America Ins. Co. v. Aetna Life Ins. Co.,* 744 F.2d 409, 413 (5th Cir.1984)).

### B.

▬ Tunisia presents additional bases in support of the denial of the stay, including waiver, estoppel, and ripeness. Because it is not a party to the arbitration clause in issue, however, its claims against Hornbeck are unaffected by any stay granted under § 3. *See Matter of Talbott Big Foot, Inc.,* 887 F.2d 611, 614 (5th Cir. 1989) ("the mandatory stay provision of the Act does not apply to those who are not contractually bound by the arbitration agreement"). Accordingly, we do not address its contentions regarding the § 3 stay.[7] We note, however, that on remand, it will lie within the district court's discretion to stay the claims between the nonarbitrating parties pending outcome of the arbitration simply as a means of controlling its docket. *See Moses H. Cone Memorial Hospital,* 460 U.S. at 20 n. 23, 103 S.Ct. at 939 n. 23; *Matter of Talbott,* 887 F.2d at 614.

Tunisia also requests that we condition any reversal on (1) Coastal's proceeding to a separate arbitration with Hornbeck, (2) Coastal's withdrawing its motion in New York for consolidated arbitration, and (3) Coastal not interfering with Tunisia's claims against Hornbeck in Texas. We consider these requests beyond the scope of this appeal, noting that, as discussed *supra,* any stay of Tunisia's claims against Hornbeck will lie within the district court's discretion. It is not within the scope of this appeal to impose, or even offer, a global solution to the multiple, tangled proceedings between the parties. It is hoped, however, that the holding in this appeal will break the apparent, wasteful logjam, described in note 3, *supra.*

### III.

For the foregoing reasons, the district court's order is REVERSED and this case

---

**7.** Coastal initially requested a stay of the entire limitation action. In a later memorandum in support of that motion, however, it recognized that § 3 could apply only to its dispute with Hornbeck, and, accordingly, also requested a *discretionary* stay of the remaining claims (i.e., between Tunisia and Hornbeck). Apparently because the district court found that a § 3 stay was not warranted, it never addressed the requested discretionary stay.

is REMANDED for further proceedings consistent with this opinion.