JORDAN, Circuit Judge, concurring. For me, this, case ultimately, comes down to how we interpret the phrase “interim measure of protection” in Ga. Code. Ann. §. 9-9-30, Unfortunately, we do not have any guidance from the Georgia courts on the meaning of this language. Admiralty courts may in appropriate cases apply equitable principles, see, e.g., Schoenamsgruber v. Hamburg Am. Line, 294 U.S. 454, 477, 55 S.Ct. 475, 79 L.Ed, 989 (1935), but the Supreme Court has not allowed federal courts to order the prejudgment restraint of assets under their traditional equity powers. See, e.g., Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc., 527 U.S. 308, 332, 119 S.Ct. 1961, 144 L.Ed.2d 319 (1999); De Beers Consolidated Mines Ltd. v. United States, 325 U.S. 212, 222-23, 65 S.Ct. 1130, 89 L.Ed. 1666 (1945). Against this backdrop, I would not read the phrase “interim measure of protection” as permitting an order requiring the posting-of pre-judgment security for a pending arbitral proceeding. With these thoughts, I join the court’s opinion.