**KOREA SHIPPING CORPORATION,**
Plaintiff-Appellant,

v.

**NEW YORK SHIPPING ASSOCIATION,**
International Longshoremen's Association Pension Trust Fund and the Board of Trustees of the NYSA–ILA Pension Trust Fund, Defendants-Appellees.

**KOREA SHIPPING CORPORATION,**
Plaintiff-Appellee,

v.

**NEW YORK SHIPPING ASSOCIATION,**
International Longshoremen's Association Pension Trust Fund and the Board of Trustees of the NYSA–ILA Pension Trust Fund, Defendants-Appellants.

Nos. 728, 853, Dockets 86–7750, 86–7876.

United States Court of Appeals, Second Circuit.

Argued Jan. 21, 1987.

Decided Feb. 4, 1987.

John D. Kimball, New York City (LeRoy Lambert, Healy & Baillie, New York City, of counsel), for plaintiff-appellant-appellee Korea Shipping Corp.

Donato Caruso, New York City (C.P. Lambos and Nicholas G. Maglaras, Lambos, Flynn, Nyland & Giardino, New York City, of counsel, Thomas W. Gleason, Ernest L. Mathews, Jr. and Susan G. Barres, New York City, on the brief), for defendants-appellees-appellants NYSA–ILA Pension Trust Fund, et al.

Before KAUFMAN, KEARSE and PRATT, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge.

We are called upon to decide what is a "preliminary injunction."

## FACTS

Without prejudging in any way the factual issues that are yet to be determined below, we state the facts relevant to our decision as they appear from the pleadings and record to date.

Korea Shipping Corporation ("KSC") is an entity of the government of the Republic of South Korea engaged in the commercial carriage of goods by sea. The New York Shipping Association is an organization of shipowners and stevedores which, by agreement with a union representing longshoremen, the International Longshoremen's Association, has set up a multiemployer pension benefit plan in accordance with 29 U.S.C. § 1002 for the purpose of providing protection to the union's members. The pension benefit plan is known as the New York Shipping Association—International Longshoremen's Association Pension Trust Fund ("PTF").

Following a cessation of a portion of its operations in New York harbor, KSC sued for a declaration that it was not responsible to PTF for "withdrawal liability" pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §§ 1001–1461.

After denying a motion by PTF for summary judgment and ordering limited discovery, the district court ordered KSC to continue making the disputed pension payments to PTF *pendente lite* ("the payment order"). Judge Weinfeld ruled that the MPPAA required that the payments be continued pending a resolution of the merits. He reasoned that "the clear Congressional intent" expressed in 29 U.S.C. § 1399(c)(2) required this outcome.[1] The district court later modified its order at the request of KSC to provide that the payments be made into escrow and held subject to further order of the court ("the escrow order").

At present, the district court is considering renewed cross-motions for summary judgment that were filed upon the completion of the discovery proceedings.

KSC has appealed from the payment order, and PTF has done the same with respect to the escrow order.

## DISCUSSION

### 1. *KSC's Appeal*

We are met at the outset by PTF's contention that we lack jurisdiction over KSC's appeal because the payment order is interlocutory and non-appealable. KSC responds that the order is a preliminary injunction and appealable as of right pursuant to 28 U.S.C. § 1292(a)(1).

In support of its position, KSC offers the definition that a preliminary injunction is

[1]. 29 U.S.C. § 1399(c)(2) provides: "Withdrawal liability shall be payable ... notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule."

an order directed to a party, enforceable by contempt, and designed to accord or protect some or all of the substantive relief sought by a complaint. *See United States v. Western Electric Co., Inc.,* 777 F.2d 23, 28 n. 12 (D.C.Cir.1985). That definition would embrace the payment order here, which afforded PTF on an interlocutory basis much of the relief to which it would be entitled if it prevailed after trial.

In our view, however, the proffered definition is incomplete. Although it correctly focuses on the effect of the order under consideration, rather than on the name given to it by the parties or the district court, *see Pantry Pride v. Retail Clerks Tri-State Pension Fund,* 747 F.2d 169, 170 (3d Cir.1984), it fails to take into consideration the source of the district court's power to issue the order.

■ Yet this element is an important one, because in using the word "injunctions" in 28 U.S.C. § 1292(a)(1) Congress had in mind traditional orders in equity. Indeed, as the statute first appeared in § 7 of the Evarts Act, c. 517, 26 Stat. 828 (1891), and later in the Judicial Code of 1911, § 129, 36 Stat. 1134, its language described an injunction as following from "a hearing in equity in a district court." *See International Products Corporation v. Koons,* 325 F.2d 403, 406–07 (2d Cir. 1963) (Friendly, J.). Although the words "in equity" were eliminated in the Act of February 13, 1925, 43 Stat. 937, the omission "was not intended to remove that limitation." *Schoenamsgruber v. Hamburg American Line,* 294 U.S. 454, 457, 55 S.Ct. 475, 477, 79 L.Ed. 989 (1935). Thus, when it provided for interlocutory appeals of preliminary "injunctions," Congress meant orders issued pursuant to the equity powers of the district courts, not those issued under statutes providing for preliminary relief.

■ This reading of Congressional intent finds support not only in history and precedent, but in considerations of policy as well. Where a district court balances the equities of a particular situation guided by no more than its own conscience, an immediate appeal as of right is a prudent safeguard against possible abuses of discretion. But where Congress has itself balanced the competing considerations and provided by statute for preliminary relief, the check of an automatic interlocutory appeal is not necessary.

In the present case, the district court was not exercising its equity powers when it issued the payment order, but acting instead in accordance with a statute that it believed granted a right to preliminary relief. This is clear from its opinion, and is confirmed by the fact that the parties did not argue, nor did the district court consider, any of the traditional standards governing the issuance of preliminary injunctions.

Under these circumstances, we hold, the payment order was not a preliminary injunction within the meaning of 28 U.S.C. § 1292(a)(1). To be sure, it was an order having the "practical effect" of a preliminary injunction, but such an order is not appealable unless the appealing party demonstrates that it faces "serious, perhaps irreparable consequences," *Carson v. American Brands, Inc.,* 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981) (quoting *Baltimore Contractors, Inc. v. Bodinger,* 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955)). *See I.A.M. National Pension Fund Benefit Plan v. Cooper Industries, Inc.,* 789 F.2d 21 (D.C.Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 473, 93 L.Ed.2d 417 (1986). Here, KSC concedes that it faces no such consequences. Nor did it seek or obtain certification of the payment order in accordance with 28 U.S.C. § 1292(b).

Accordingly, KSC's attempted appeal must be dismissed for lack of jurisdiction.

### 2. *PTF's Appeal*

While urging us to dismiss KSC's appeal of the payment order, PTF asks us to hear its appeal of the escrow order. PTF distinguishes the two situations by claiming that it is suffering irreparable injury from the escrow order and thus is entitled to an appeal under *Carson.*

■ PTF's first argument in support of this position is that the rate of interest it is receiving on the escrow account is less than that which it could earn in its own investment portfolio. This harm may be redressed by the final judgment in the event that PTF prevails, and is insufficient to justify an interlocutory appeal.

■ At oral argument, PTF for the first time advanced another hardship purportedly imposed by the escrow order: contending that it faced many suits like this one, it urged that if escrow orders were entered in all of them, its ability to pay pensions to its members would be impaired. We reject this contention as entirely speculative.

Each party retains its right to seek modification of the district court's orders on the basis of changed circumstances. In the event that such a motion were made, and denied, and grave injury inflicted by the denial, then we would review the matter in accordance with the principles already stated. For the moment, however, PTF has failed to demonstrate that the escrow order is presently inflicting "serious, perhaps irreparable" harm upon it.

Since PTF's appeal is also unsupported by a district court certification, it too must be dismissed for lack of jurisdiction.

In light of our disposition of the appeals, we intimate no views on the merits.