**H & S PLUMBING SUPPLIES, INC., and Bahia Mahmet Bin Chambi, Plaintiffs-Appellees,**

v.

**BANCAMERICA COMMERCIAL CORP., Defendant-Appellant,**

**The State of New York, Intervenor.**

**No. 1247, Docket 87–7217.**

United States Court of Appeals, Second Circuit.

Argued July 15, 1987.

Decided Sept. 28, 1987.

Charles B. Manuel, Jr., New York City (Thomas R. Stritter, James B. McKinney, Jr., Morgan, Lewis & Bockius, New York City, on the brief), for defendant-appellant.

Donald S. Snider, New York City (Gerald M. Levine, Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey, New York City, on the brief), for plaintiffs-appellees.

Christopher Keith Hall, Asst. Atty. Gen., New York City, for intervenor.

Before NEWMAN, MINER, and ALTIMARI, Circuit Judges.

JON O. NEWMAN, Circuit Judge:

This purported appeal from an order of the District Court for the Southern District of New York (Kevin Thomas Duffy, Judge) seeks to have this Court rule that the notice of pendency provisions of New York law, N.Y.Civ.Prac.L. & R. §§ 6501 to 6515 (McKinney 1980), are unconstitutional. We conclude that the order is not appealable, and we therefore dismiss the appeal.

The dispute concerning the notice of pendency arises out of litigation initiated by plaintiffs-appellees H & S Plumbing Supplies, Inc. ("H & S") and Bahia Mahmet Bin Chambi against BancAmerica Commercial Corporation ("BACC"). The suit was filed in New York Supreme Court and removed to the District Court on the basis of diversity of citizenship. One claim of the suit seeks imposition of a constructive trust upon property on West 61st Street in New York City, which was formerly owned by H & S and obtained by BACC through foreclosure. In connection with this claim, plaintiffs filed a notice of pendency in the office of the Clerk of New York County, identifying the West 61st Street property as the subject of litigation. BACC moved to cancel the notice of pendency, contending that the time for appeal of the foreclosure judgment had long since expired and that the current action was not brought in good faith. Judge Duffy denied the motion on December 19, 1986, noting that he would "not be in a position to

determine the rights of either party to the property until this case is tried."

BACC then moved to reargue the December 19 ruling, to post a bond as security for cancellation of the notice of pendency, or, alternatively, to require plaintiffs to post a bond to indemnify BACC for damages arising if the notice of pendency was not cancelled. Thereafter BACC notified the Attorney General of New York, pursuant to 28 U.S.C. § 2403(b) (1982), that it was challenging the constitutionality of the state's notice of pendency statutes as violative of the Due Process Clause of the Fourteenth Amendment. The motion for reargument and other relief was denied without comment on February 24, 1987. This appeal is taken from the February 24 order.

■ BACC contends primarily that the February 24 order is appealable as a collateral order under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). It urges that the constitutionality of the notice of pendency statutes is an issue independent of the underlying lawsuit, that this issue cannot be determined upon review of a final judgment in that lawsuit, and that it will suffer irreparable injury if it cannot now appeal because the District Court's order "effectively restrains BACC from alienating its property" during the estimated two years before the suit is tried. Brief for Appellant at 48.

District Court orders *granting* a motion to vacate a notice of pendency have been considered appealable under *Cohen. Keith v. Bratton*, 738 F.2d 314, 316 (8th Cir. 1984); *Chrysler Corp. v. Fedders Corp.*, 670 F.2d 1316, 1318 n. 2 (3d Cir.1982); *Suess v. Stapp*, 407 F.2d 662, 663 (7th Cir.1969). As the Third Circuit pointed out in *Chrysler*, the possibility that the property would be sold before the conclusion of the lawsuit provided the necessity for entertaining an immediate appeal of the order vacating the notice of pendency. 670 F.2d at 1318 n. 2. Whether an order *denying* a motion to vacate is appealable is more doubtful. Even more doubtful is the appealability of an order denying reargument of an order that denied a motion to vacate a notice of pendency.

In the context of prejudgment orders concerning attachments, we have permitted appeals from orders denying such remedies, *Maryland Tuna Corp. v. MS Benares*, 429 F.2d 307, 317 n. 6 (2d Cir.1970); *Chilean Line Inc. v. United States*, 344 F.2d 757, 759 (2d Cir.1965); *Republic of Italy v. DeAngelis*, 206 F.2d 121, 123 (2d Cir.1953); *but see Dayco Corp. v. Foreign Transactions Corp.*, 705 F.2d 38 (2d Cir. 1983), and disallowed appeals from orders granting or continuing such remedies, *W.T. Grant Co. v. Haines*, 531 F.2d 671, 678 (2d Cir.1976); *West v. Zurhorst*, 425 F.2d 919, 921 (2d Cir.1970). "This distinction," it has been pointed out, "suggests that the practical risk that any final judgment will prove uncollectable is sufficient to allow collateral order appeal, while the burdens imposed by suffering attachment and loss of use, or of posting bond for release, are not sufficient injury." 15 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3911 at 492 (1976). To the extent that this distinction has relevance to appealability in this case, it weighs heavily against an appeal. Despite BACC's claim that the order denying vacation of the notice of pendency bars it from disposing of the property, whatever inhibiting effect has occurred arises not from the notice but from the institution of the lawsuit. It is the pendency of the plaintiffs' claim that may impair marketability of the property, not the notice that such a claim is pending.

Under all the circumstances of this case, we do not believe the *Cohen* standards have been met. The issues that BACC sought to raise when it initially moved to vacate the notice of pendency are not separable from the merits of the underlying lawsuit. Surely the plaintiffs' good faith in instituting the suit is inextricably related to the merits. The reargument motion sought to interject a separate issue of constitutionality, but claims of unconstitutionality are normally not pursued for the first time by way of reargument. Since the notice of pendency, as distinguished from the filing of the suit, is not a cause of irreparable injury to the plaintiffs, the claim for appeal

of the order denying reargument is exceedingly weak. We need not determine what claims, including those made on constitutional grounds, might remain at the conclusion of the underlying litigation in the event that BACC can show that plaintiffs' action in bringing suit and filing the notice of pendency was unlawful in any respect. We hold that the February 24 order is not appealable.

BACC fares no better with its alternative argument that the order is appealable under 28 U.S.C. § 1292(a)(1) as a preliminary injunction. An order may be appealable where it has the "practical effect" of granting or denying a preliminary injunction, but only where the order will have " 'serious, perhaps irreparable, consequence.' " *Carson v. American Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 996, 67 L.Ed.2d 59 (1981) (quoting *Baltimore Contractors, Inc. v. Bodinger*, 348 U.S. 176, 181, 75 S.Ct. 249, 252, 99 L.Ed. 233 (1955)); *Korea Shipping Corp. v. New York Shipping Ass'n*, 811 F.2d 124, 126 (2d Cir.1987). Such is manifestly not the case here. Nor is there any merit in BACC's final contention that the order denying reargument should be reviewed by way of a petition for a writ of mandamus. *See Donlon Industries, Inc. v. Forte*, 402 F.2d 935, 937 (2d Cir.1968).

Appeal dismissed.