MERRIMAC CORP., f/k/a Towle
Manufacturing Company,
Plaintiff/Appellee,

v.

Thomas SVED, Wilcros Enterprises Inc.
and Svedco Properties, Inc.,
Defendants/Appellants.

No. 91 Civ. 1923 (RWS).

United States District Court,
S.D. New York.

July 8, 1991.

As Amended July 12, 1991.

Willkie, Farr & Gallagher, New York City (Benito Romano, of counsel), for plaintiff.

Philip R. Mann, New York City, for defendant.

## OPINION

SWEET, District Judge.

Appellee Merrimac Corp. ("Merrimac") has moved to dismiss this bankruptcy appeal as premature. For the following reasons, the motion is granted.

*The Parties*

The primary debtor in the underlying bankruptcy proceeding is Marrose Corporation ("Marrose"). Merrimac, a Massachusetts Corporation, is an affiliate of Marrose. Merrimac filed for bankruptcy along with Marrose on August 25, 1989.

Appellant Thomas Sved ("Sved") is a Canadian citizen and resident. Appellants Wilcros Enterprises Inc. ("Wilcros") and Svedco Properties, Inc. ("Svedco") are Canadian Corporations. Sved is an officer of both Wilcros and Svedco.[1]

*Prior Proceedings*

In the course of the bankruptcy proceeding, Merrimac auctioned off its Canadian subsidiary, Towle Canada Inc. ("TCI") to the highest bidder. In the course of the auction and afterward, Merrimac discovered certain information which led it to institute an adversary proceeding in the bankruptcy court on October 15, 1990 against Sved and his corporate affiliates, claiming collusive interference in the bidding process in violation of § 363(n) of the Bankruptcy Code. At the time it filed this proceeding, Merrimac moved under Fed. R.Civ.P. 64 and N.Y.C.P.L.R. Art. 62 for an order of attachment of certain money owed to Sved, alleging fraud and seeking to es-

---

1. Hereafter all references to Sved will include Wilcros and Svedco unless otherwise noted.

tablish jurisdiction. On January 30, 1991, the Bankruptcy Court, the Honorable Tina L. Brozman, granted the motion and issued an order attaching the money owed to Sved and directing it be paid over to Merrimac's counsel to be held in escrow until resolution of the adversary proceeding (the "Attachment Order").

On February 3, 1991, Sved filed a notice of appeal of the Attachment Order. After Sved had submitted its brief on the appeal, on June 12, 1991 Merrimac filed the present motion to dismiss the appeal as non-appealable. Oral argument was heard on June 27.

*The Attachment Order is Non–Final and Interlocutory*

Merrimac asserts that Sved's appeal should be dismissed because the Attachment Order is a non-final interlocutory order not subject to appeal under 28 U.S.C. § 158(a), and because there is no compelling reason for the court to exercise its discretion to hear the appeal. Sved responds that while it may be true that attachment orders issued by a district court are not generally appealable, the standard for a discretionary appeal from the bankruptcy court under § 158(a) is less stringent than the standard applied to appeals from a district court under § 1292(b). Sved also contends that the portion of the order which requires payment of the money to Merrimac's counsel converts the attachment into a mandatory injunction, which places the Attachment Order within the scope of final judgments which are appealable as of right.

Section 158(a) provides:

> The district courts of the United States shall have jurisdiction to hear appeals from final judgment, orders, and decrees, and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges....

The Second Circuit has held that in the bankruptcy context "only those orders that 'finally dispose of *discrete disputes within the larger case*'" are properly viewed as final for § 158(a) purposes. *BancTexas Dallas, N.A. v. Chateaugay Corp. (In re Chateaugay Corp.)*, 880 F.2d 1509, 1511 (2d Cir.1989) (quoting *In re Saco Local Dev. Corp.*, 711 F.2d 441, 444 (1st Cir. 1983)) (emphasis in *In re Saco*).

■ The Attachment Order, which directs the payment of money into escrow pending the outcome of the adversary proceeding, does not satisfy this test. *H & S Plumbing Supplies, Inc. v. BancAmerica Commercial Corp.*, 830 F.2d 4, 6 (2d Cir. 1987); *W.T. Grant Co. v. Haines*, 531 F.2d 671, 678 (2d Cir.1976); *Financial Services, Inc. v. Ferrandina*, 474 F.2d 743, 745 (2d Cir.1973).

Sved relies on *Forgay v. Conrad*, 47 U.S. (6 How.) 201, 12 L.Ed. 404 (1848) as support for his contention that the mandatory injunctive nature of the Attachment Order renders it a final order appealable under § 158(a). However, in *Forgay* itself the Court stated

> This rule, of course, does not extend to cases where money is directed to be paid into court, or property to be delivered to a receiver, or property held in trust to be delivered to a new trustee appointed by the court, or to cases of a like description. Orders of that kind are frequently and necessarily made in the progress of a cause. But they are interlocutory only, and intended to preserve the subject-matter in dispute from waste or dilapidation, and to keep it within the control of the court until the rights of the parties concerned can be adjudicated by a final decree.

*Id.* 47 U.S. at 204–05. In addition, *Forgay* has been strictly limited to orders directing the transfer of real or personal property and has never been extended to the payment of money. *Schlehan v. Olympic Worldwide Communications, Inc. (In re Martin–Trigona)*, 763 F.2d 135, 138–39 (2d Cir.1985); *Cinerama, Inc. v. Sweet Music, S.A.*, 482 F.2d 66, 71 (2d Cir.1973).

■ Thus the Attachment Order does not qualify as a final order appealable as of right under § 158(a). It is therefore necessary to consider whether to permit the appeal as a matter of discretion. Sved asserts that the appeal involves a controlling question of law, namely, the question of the jurisdiction of the Bankruptcy Court

over Sved, and that resolving this question would materially advance the litigation. However, an unsuccessful appeal would have no such beneficial effect, and the simple desire for an immediate second opinion on the issue is inadequate to justify permitting the interlocutory appeal. In the absence of any determination by the Bankruptcy Court on this issue, this Court will decline to exercise its discretion to rule on the matter.

*Conclusion*

Because the Attachment Order is not a "final order" for the purposes of § 158(a) and because Sved has not presented sufficiently compelling reasons for permitting the appeal as a matter of discretion, the appeal is hereby dismissed as premature.

It is so ordered.