MacEWEN PETROLEUM, INC.,
Plaintiff–Appellee,

v.

Eli TARBELL, individually and doing business as Bear Den's Trading Post, and Brandon Tarbell, Individually and doing business as Mohawk Petroleum, Defendants–Appellants.

No. 97–7756.

United States Court of Appeals,
Second Circuit.

Submitted Jan. 8, 1998.

Decided Jan. 30, 1998.

Bond, Schoeneck & King, Albany, NY (Arthur J. Siegel, Albany, NY, of counsel), for Plaintiff–Appellee.

Michael B. Rudin, Rochester, NY, for Defendants–Appellants.

Before: FEINBERG, KEARSE and JACOBS, JJ.

KEARSE, Circuit Judge.

Defendants Eli Tarbell and Brandon Tarbell, against whom a default judgment was entered in the United States District Court for the Northern District of New York for failure to answer the complaint filed by plaintiff MacEwen Petroleum, Inc., appeal from so much of an order of that court, Thomas J. McAvoy, *Chief Judge,* as requires them to post a $500,000 bond as a condition of vacating the default. Defendants argue that the bond condition was an abuse of discretion. Plaintiff contends that we lack jurisdiction to

hear the appeal; defendants have presented no argument in support of appealability. For the reasons that follow, we conclude that the district court's order is not appealable, and we therefore dismiss for lack of appellate jurisdiction.

■ When the decision of the district court does not pertain to an injunction, a receivership, or a case in admiralty, see 28 U.S.C. § 1292(a) (1994), and is not an interlocutory order as to which there have been grants of certification by the district court and leave to appeal by this Court, see 28 U.S.C. § 1292(b) (1994), we lack jurisdiction to hear an appeal unless the decision is a "final decision[ ]," 28 U.S.C. § 1291 (1994). A "final" decision within the meaning of § 1291 is one that ends the litigation, leaving no issues unresolved between any of the parties and nothing for the court to do but execute the judgment. See, e.g., Coopers & Lybrand v. Livesay, 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978); Quackenbush v. Allstate Insurance Co., 517 U.S. 706, ——, 116 S.Ct. 1712, 1718, 135 L.Ed.2d 1 (1996).

■ An order vacating a default judgment, permitting the litigation to proceed, plainly does not fall within any of the above statutory categories. Nor is the requirement of a bond, imposed by the court as a condition for vacatur of the default, an appealable order. A provision that offers a party the option of posting a bond, to be returned if he prevails in the underlying suit, is not an order granting or modifying an injunction within the terms of § 1292(a), since it does not constrain the party in any way beyond restricting his use of the bond money during the pendency of the litigation. See, e.g., Trustees of Hospital Mortgage Group. v. Compania Aseguradora Interamericana S.A. Panama, 672 F.2d 250, 251 (1st Cir. 1982) (per curiam). Nor is such a condition a final order, since it leaves all pending issues unresolved. See, e.g., id.; cf. Sierra Club v. SCM Corp., 747 F.2d 99, 108 (2d Cir.1984) (order permitting plaintiff to proceed with its suit only on condition that it disclose information needed for determination of standing would not be appealable).

■ Nor is the condition that a party post a bond in order to proceed with the suit an order that is appealable under the "collateral order" doctrine of Cohen v. Beneficial Industrial Loan Corp., 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949), since no sufficiently important rights of the party are affected, see, e.g., Richardson–Merrell Inc. v. Koller, 472 U.S. 424, 430–31, 105 S.Ct. 2757, 2760–61, 86 L.Ed.2d 340 (1985); Coopers & Lybrand v. Livesay, 437 U.S. at 468, 98 S.Ct. at 2457–58; H & S Plumbing Supplies, Inc. v. BancAmerica Commercial Corp., 830 F.2d 4, 6 (2d Cir.1987) (the "burdens imposed by . . . posting [a] bond . . . are not sufficient" to warrant appealability under Cohen doctrine (internal quotation marks omitted)). Indeed, we have held that the Cohen doctrine, which permits appeals more readily from denials of security than from grants of security, see generally 15A Charles Alan Wright, Arthur R. Miller & Edward A. Cooper, Federal Practice and Procedure § 3914.2 (2d ed. 1992), does not authorize immediate appellate review of even a denial of security where the only issue is whether the court abused its discretion, rather than whether it had the requisite power. See Donlon Industries, Inc. v. Forte, 402 F.2d 935, 937 (2d Cir.1968) (dismissing appeal and finding mandamus inapplicable). We conclude that the Cohen doctrine plainly does not authorize the appeal here, in which defendants seek to challenge the district court's exercise of its discretion to grant plaintiff security as a condition of vacating defendants' default.

■ These constraints do not mean that the district court's requirement that defendants post a bond in order to revive the litigation is entirely unreviewable. If defendants make it plain to the district court that they will not comply with the condition, there will be a final judgment against them, and they may challenge that facet of the court's vacatur order in their appeal from the final judgment. See, e.g., Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir.1986) (order setting aside default on condition that defaulting party pay costs and attorneys' fees is not immediately reviewable but is reviewable on appeal from final judgment).

Having found no basis on which the bond condition is immediately appealable, we dismiss the present appeal for lack of appellate jurisdiction.