**Kenneth WYNDER, Plaintiff–Appellant,**

v.

**James McMAHON, David Spahl, Robert Jones, Louis B. Barbaria and Craig Masterson, individually, Josh Keats, Defendants–Appellees,**

**Marine Midland Bank, Defendant.**

**No. 05–5668–cv.**

United States Court of Appeals, Second Circuit.

June 5, 2006.

Richard J. Merritt, Lindenhurst, NY, for Plaintiff–Appellant.

Carol Fischer, Assistant Solicitor General of the State of New York (Eliot Spitzer, Attorney General of the State of New York, of counsel, Michael S. Belohlavek, on the brief), for Defendants–Appellees.

Present: JOSEPH M. MCLAUGHLIN, DENNIS JACOBS and B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

We assume familiarity with the facts, the procedural history, and the issues on appeal.

"[W]e lack jurisdiction to hear an appeal unless the decision is a 'final decision[ ],' ... that ends the litigation, leaving no issues unresolved between any of the parties and nothing for the court to do but execute the judgment." *MacEwen Petroleum, Inc. v. Tarbell*, 136 F.3d 263, 264 (2d Cir.1998) (emendation in original) (citing 28 U.S.C. § 1291). An order of the district court denied plaintiff's motion for default judgment. Then, without explanation, the district court seemingly entered judgment. *See* Appx. (entry of judgment citing to memorandum order denying motion for default judgment); *see also* Appx. at 15 (bearing docket entry entitled "CLERK'S JUDGMENT"). Although oral argument was confusing in several respects, both parties agree that the case should continue in the district court. The district court has provided no explanation as to why judgment was entered. Accordingly, we vacate the entry of judgment.

However, because judgment had been entered, Plaintiff Kenneth Wynder, who claims that his employer discriminated against him on the basis of race, properly asked this court to reverse the denial of his motion for default judgment. We review a district court's ruling on a motion for default judgment for abuse of discretion, taking into account "the willfulness of the default, the existence of a meritorious defense, and the level of prejudice that the non-defaulting party may suffer should relief be granted." *Pecarsky v. Galaxiworld.com, Ltd.*, 249 F.3d 167, 171 (2d Cir.2001). Here, the delay in filing was inadvertent and no prejudice has been suffered. Therefore, the district court did not abuse its discretion in denying plaintiff's motion.

For the foregoing reasons, the judgment of the district court is VACATED and the case is REMANDED for proceedings consistent with this order.