NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

NO. 30231

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

GRANT K. KIDANI,
Plaintiff/Counterclaim-Defendant-Appellee,

v.

TARA THOMAS,
Defendant/Counterclaim-Plaintiff/Appellant,

and

JACK THOMAS and DOES 1-100,
Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 08-1-2143)

ORDER GRANTING (1) APPELLEE'S JANUARY 19, 2010 MOTION
TO DISMISS APPEAL AND (2) APPELLANT'S FEBRUARY 16, 2010
MOTION TO STRIKE APPELLEE'S FEBRUARY 2, 2010 REPLY MEMORANDUM
(By: Nakamura, C.J., Foley and Fujise, JJ.)

Upon review of (1) Plaintiff/Counterclaim-Defendant/
Appellee Grant K. Kidani's (Appellee) January 19, 2010 motion to
dismiss appellate court case number 30231 for lack of
jurisdiction, (2) Defendant/Counterclaim-Plaintiff/Appellant Tara
Thomas's (Appellant) February 1, 2010 (filed ex officio on
January 27, 2010) memorandum in opposition to Appellee's January
19, 2010 motion to dismiss, (3) Appellee's February 2, 2010 reply
memorandum in support of Appellee's January 19, 2010 motion to
dismiss, (4) Appellant's February 16, 2010 motion to strike
Appellee's February 2, 2010 reply memorandum in support of
Appellee's January 19, 2010 motion to dismiss, and (5) the
record, it appears that both of these motions have merit.

Rule 27 of the Hawaiʻi Rules of Appellate Procedure
(HRAP) does not authorize a movant to file a reply memorandum in

support of a motion. Appellee's February 2, 2010 reply memorandum in support of Appellee's January 19, 2010 motion to dismiss is in violation of HRAP Rule 27. Therefore,

IT IS HEREBY ORDERED that Appellant's February 16, 2010 motion to strike Appellee's February 2, 2010 reply memorandum in support of Appellee's January 19, 2010 motion to dismiss is granted. Appellee's February 2, 2010 reply memorandum in support of Appellee's January 19, 2010 motion to dismiss is stricken, and we will not consider it in the adjudication of Appellee Kidani's January 19, 2010 motion to dismiss.

With respect to Appellee's January 19, 2010 motion to dismiss appellate court case number 30231, we note that Appellant is appealing from the Honorable Gary W. B. Chang's November 9, 2009 "Order Granting Defendant and Counterclaimant Tara Thomas' Motion to Set Aside Order for Entry of Default Filed May 28, 2009, or in the Alternative, for Reconsideration, Filed on June 8, 2009" (the November 9, 2009 order setting aside entry of default). Hawai'i Revised Statutes (HRS) § 641-1(a) (1993 & Supp. 2009) authorizes appeals to the intermediate court of appeals only from final judgments, orders, or decrees. Appeals under HRS § 641-1 "shall be taken in the manner . . . provided by the rules of the court." HRS § 641-1(c). Rule 58 of the Hawai'i Rules of Civil Procedure (HRCP) requires that "[e]very judgment shall be set forth on a separate document." HRCP Rule 58. Based on HRCP Rule 58, the Supreme Court of Hawai'i holds "[a]n appeal may be taken . . . only after the orders have been reduced to a judgment and the judgment has been entered in favor of and against the appropriate parties pursuant to HRCP [Rule] 58[.]"

-2-

Jenkins v. Cades Schutte Fleming & Wright, 76 Hawai'i 115, 119, 869 P.2d 1334, 1338 (1994). "An appeal from an order that is not reduced to a judgment in favor or against the party by the time the record is filed in the supreme court will be dismissed." Id. at 120, 869 P.2d at 1339 (footnote omitted). The circuit court has not yet entered a separate judgment in this case. Absent a separate judgment, the November 9, 2009 order setting aside entry of default is not eligible for appellate review.

Although exceptions to the final judgment requirement exist under the doctrine expressed in Forgay v. Conrad, 47 U.S. 201 (1848), (the Forgay doctrine), the collateral order doctrine, and HRS § 641-1(b), the November 9, 2009 order setting aside entry of default does not satisfy the requirements for appealability under the Forgay doctrine, the collateral order doctrine, and HRS § 641-1(b). See Ciesla v. Reddish, 78 Hawai'i 18, 20, 889 P.2d 702, 704 (1995) (regarding the two requirements for appealability under the Forgay doctrine); Abrams v. Cades, Schutte, Fleming & Wright, 88 Hawai'i 319, 322, 966 P.2d 631, 634 (1998) (regarding the three requirements for appealability under the collateral order doctrine); HRS § 641-1(b) (regarding the requirements for an appeal from an interlocutory order). We note in particular that, although the November 9, 2009 order setting aside entry of default requires Appellant to satisfy several conditions, none of the conditions subjects Appellant to irreparable injury that is effectively unreviewable on appeal from a final judgment. For example, although the November 9, 2009 order setting aside entry of default requires Appellant to pay the attorneys' fees and costs of Appellee in the amount of $2,500.00 within ten days as a condition for the circuit court's

setting aside the entry of default, Appellant's failure to pay the $2,500.00 would not result in contempt proceedings, but, instead, such failure would result in the entry of a default and a final judgment against Appellant, and Appellant could immediately appeal the final judgment. See Harada v. Ellis, 60 Haw. 467, 480, 591 P.2d 1060, 1070 (1979) (holding that an interlocutory sanction order against a party satisfied the three requirements for appealability under the collateral order doctrine if "the order directed payment of the assessed sum and was immediately enforceable through contempt proceedings."). Furthermore, in most situations, the transfer of money is unlikely to create irreparable harm, for money can usually be returned if improvidently given." Jalapeno Property Management, LLC v. Dukas, 265 F.3d 506, 512 n.8 (6th Cir. 2001) (emphasis added). "[I]mmediate appeal is proper only if there is reason to be concerned that payment would be irreversible, . . . because the prevailing party will be unable or unwilling to repay if the award is ultimately altered." Cleveland Hair Clinic, Inc. v. Puig, 104 F.3d 123, 126 (7th Cir. 1997) (citation omitted). For example,

> Palmer v. Chicago, 806 F.2d 1316 (7th Cir. 1986), therefore holds that an award of interim attorneys' fees to a class of prisoners is appealable, for the prospects of recoupment are dim; but People Who Care v. Rockford Board of Education, 921 F2d 132 (7th Cir. 1991), holds that an award of interim attorneys' fees to a law firm is not immediately appealable.

Cleveland Hair Clinic, Inc. v. Puig, 104 F.3d at 126. Consequently, an order requiring payment of money as a condition for setting aside a default will usually not qualify as an appealable interlocutory order. MacEwen Petroleum, Inc.. v. Tarbell, 136 F.3d 263, 264 (2d Cir. 1998) (holding that an order requiring defendants to post a $500,000.00 bond as a condition

for vacating a default judgment is not an appealable order); Hawaii Carpenters' Trust Funds v. Stone, 794 F.2d 508, 512 (9th Cir. 1986) (holding that an order requiring a defendants to pay the attorneys' fees and costs of plaintiff as a condition for setting aside the entry of default is not an appealable order). We additionally note that the circuit court did not certify the November 9, 2009 order setting aside entry of default for an interlocutory appeal pursuant to HRS § 641-1(b). Therefore, the November 9, 2009 order setting aside entry of default is not an appealable order.

Absent an appealable separate judgment, Appellant's appeal is premature, and we lack appellate jurisdiction over appellate court case number 30231. Accordingly,

IT IS HEREBY ORDERED that Appellee's January 11, 2010 motion to dismiss appellate court case number 30231 for lack of appellate jurisdiction is granted, and appellate court case number 30231 is dismissed.

DATED: Honolulu, Hawai'i, March 4, 2010.

Chief Judge

Associate Judge

Associate Judge