**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**PREVEZON HOLDINGS LTD., Prevezon Alexander, LLC, Prevezon Soho USA, LLC, Prevezon Seven USA, LLC, Prevezon Pine USA, LLC, Prevezon 1711 USA, LLC, Prevezon 1810 LLC, Prevezon 2009 USA, LLC, PREVEZON 2011 USA, LLC, Defendants–Appellants.***

**No. 14–4407–cv.**

United States Court of Appeals,
Second Circuit.

July 8, 2015.

above.

Mark A. Cymrot, Baker & Hostetler LLP, Washington, D.C. (John W. Moscow, Loura Alaverdi, Baker & Hostetler LLP, New York, NY, Seth T. Taube, Richard B. Harper, Baker Botts LLP, New York, NY, on the brief), for Appellants.

Paul M. Monteleoni (Justin Anderson, on the brief), Assistant United States Attorneys, for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

PRESENT: ROSEMARY S. POOLER, RAYMOND J. LOHIER, JR., CHRISTOPHER F. DRONEY, Circuit Judges.

### *SUMMARY ORDER*

Prevezon Holdings Ltd. and affiliates (collectively "Prevezon") appeal from the District Court's November 5, 2014 entry of an amended protective order restricting, *inter alia*, the purchase, sale, or transfer of certain Prevezon assets. We assume the parties' familiarity with the facts and record of the prior proceedings, to which we refer only as necessary to explain our decision to dismiss.

■ Prevezon argues that the amended protective order functions as an injunction and is therefore immediately appealable pursuant to 28 U.S.C. § 1292(a)(1), which provides that "the courts of appeals shall have jurisdiction of appeals from ... [i]nterlocutory orders of the district courts of the United States ... granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." But " § 1292(a)(1) was intended to carve out only a limited exception to the final-judgment rule." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 84, 101 S.Ct. 993, 67 L.Ed.2d 59 (1981). "[I]n using the word 'injunctions' in 28 U.S.C. § 1292(a)(1) Congress had in mind traditional orders in equity ... not those issued under statutes providing for preliminary relief." *Korea Shipping Corp. v. N.Y. Shipping Ass'n*, 811 F.2d 124, 126 (2d Cir. 1987). Here, the amended protective order was entered pursuant to a statute, 18 U.S.C. § 983(j)(1)(A), which provides for preliminary relief in civil forfeiture actions. As such, the amended protective order is

58

not appealable as an "injunction" within the meaning of § 1292(a)(1).

 Alternatively, Prevezon argues that the amended protective order is appealable under an exception that is available only when preliminary relief "effectively shuts down an ongoing business." *United States v. All Assets of Statewide Auto Parts, Inc.*, 971 F.2d 896, 901 (2d Cir.1992); *see also United States v. Victoria–21*, 3 F.3d 571, 574 (2d Cir.1993). But the amended protective order is not appealable under this "shut down" exception because Prevezon failed to show that the amended protective order effectively "shut down" its business.

Furthermore, Prevezon's appeal from the District Court's denial of a motion to vacate or modify a prior protective order that was entered on September 11, 2013, and superseded by the amended protective order, is moot.

Finally, we note that even if we had jurisdiction over this appeal, "[i]t is our settled practice to allow the district court to address arguments in the first instance." *Farricielli v. Holbrook*, 215 F.3d 241, 246 (2d Cir.2000). The issues raised in this appeal are pending before the District Court in a fully briefed motion to dismiss the underlying verified complaint. Judicial economy is better served by the District Court expeditiously ruling on that motion.

We have considered Prevezon's remaining arguments and conclude that they fail to establish jurisdiction over this appeal. For the foregoing reasons, Prevezon's appeal is DISMISSED.