16-703-cv
*Oberlander v. BayRock Group LLC et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of December, two thousand sixteen.

PRESENT:    JOSÉ A. CABRANES,
            PETER W. HALL,
            RAYMOND J. LOHIER, JR.,
                        *Circuit Judges.*

FREDRICK MARTIN OBERLANDER,

        *Movant-Appellant,*               16-703-cv

        v.

BAYROCK GROUP LLC, FELIX SATTER, BAYROCK
SPRING STREET LLC, BAYROCK WHITESTONE LLC,
BAYROCK CAMELBACK LLC, BAYROCK MERRIMAC
LLC, and SALOMON & CO., P.C.,

        *Defendants-Appellees,*

JODY KRISS, directly and derivatively on behalf
of BayRock Group LLC, MICHAEL EJEKAM, directly
and derivatively on behalf of BayRock Group LLC,
BAYROCK WHITESTONE, LLC, and BAYROCK SPRING
STREET LLC,

        *Plaintiffs,*

1

TEVIK ARIF, JULIUS SCHWARZ, BRIAN HALBERG, SALVATORE LAURIA, ALEX SALOMON, AKERMAN SENTERFITT LLP, MARTIN DOMB, CRAIG BROWN, DUVAL & STACHENFELD LLP, BRUCE STACHENFELD, DAVID GRANIN, NIXON PEABODY LLP, ADAM GILBERT, MICHAEL SAMUEL, MEL DOGAN, JOHN DOES 1–100, BAYROCK GROUP INC., NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, BAYROCK OCEAN CLUB LLC, JERRY WEINREICH, ROBERTS & HOLLAND LLP, and ELLIOT PISEM,

*Defendants.*\*

---

**FOR MOVANT-APPELLANT:**        FREDRICK M. OBERLANDER, *pro se*, Montauk, NY.

**FOR DEFENDANT-APPELLEE FELIX SATTER:**        JOSHUA D. LISTON, Beys Liston Mobargha & Berland LLP, New York, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Lorna G. Schofield, *Judge*).

     **UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED** for want of jurisdiction.

     *Pro se* Attorney Fredrick M. Oberlander, the movant-appellant, is not a party to the action below, but was former counsel to the plaintiffs below. The plaintiffs are not parties to this appeal.

     Oberlander appeals from the District Court's February 1, 2016 Order vacating an April 30, 2015 order of Magistrate Judge Frank Maas (the "Maas Order"). The Maas Order required Oberlander and his partner Richard E. Lerner to surrender to the court certain documents and prohibited Oberlander and Lerner from disseminating those, or copies of those, particular documents. Oberlander and Lerner objected to the Maas Order before the District Court pursuant to Federal Rule of Civil Procedure Rule 72(a). On May 1, 2015, the District Court stayed the Maas Order subject to further review after briefing by the affected parties. Nine months later, the District Court vacated the Maas Order, holding, pursuant to our decision in *Bridge C.A.T. Scan Assoc. v. Technicare Corp.*, 710 F.2d 940, 944–46 (2d Cir. 1983), that courts do not have the "general authority

---

\* The Clerk of Court is directed to amend the official caption as set forth above.

to order the permanent surrender and nondissemination of documents obtained outside the judicial process." *Kriss v. Bayrock Grp., LLC*, 2016 WL 406375, at \*2 (S.D.N.Y. Feb. 1, 2016).

Oberlander contends that we have jurisdiction to hear his appeal of the District Court's Order pursuant to 28 U.S.C. §§ 1291 or 1292. We disagree. We do not have jurisdiction over Oberlander's claim. Accordingly, we dismiss his appeal.

First, the District Court's Order was not a "final" decision within the meaning of section 1291. A "final" order or judgment is one that "ends the litigation, leaving no issues unresolved between any of the parties and nothing for the court to do but execute the judgment." *MacEwen Petroleum, Inc. v. Tarbell*, 136 F.3d 263, 264 (2d Cir. 1998). After the entry of the District Court's Order, every issue between the parties remained unresolved. Moreover, to the extent Oberlander claims the litigation was "final" with respect to him because he ceased to be plaintiffs' counsel, the District Court's Order expressly required further action from Oberlander and Lerner. Namely, it required them to "show cause why an order should not be issued forbidding [them] from filing any action in federal court that appends any of the [disputed documents] or relies on information from the [disputed documents]." *Kriss*, 2016 WL 406375, at \*4. As a result, the District Court's Order did not finally resolve the issue of the disputed documents.

Second, the District Court's Order does not fit any of the exceptions to the final judgment rule listed in section 1292. Oberlander asserts that District Court's Order was an "[i]nterlocutory order[ ] . . . granting, continuing, modifying, refusing or dissolving injunctions." 28 U.S.C. § 1292(a)(1). Assuming *arguendo* that the District Court's Order dissolved an injunction, we lack appellate jurisdiction over the denial of a permanent injunction "unless the denial order 'might have a serious, perhaps irreparable, consequence,' and it 'can be effectually challenged only by immediate appeal.'" *Cuomo v. Barr*, 7 F.3d 17, 19 (2d Cir. 1993) (quoting *Carson v. American Brands, Inc.,* 450 U.S. 79, 84 (1981)). Where there is no showing of "serious consequences and the lack of an effective appeal, the policy against piecemeal appellate review embodied in the final judgment rule must prevail over the narrowly tailored exception of 28 U.S.C. § 1292(a)(1)." *Id.* Oberlander fails to explain what, if any, consequences befall him as a result of the District Court granting him relief from the Maas Order. For that reason, the final judgment rule "must prevail." *Id.*

And third, the District Court's Order does not fall within the collateral order doctrine exception to the final judgment rule. The requirements of the collateral order doctrine are: "the interlocutory order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Schwartz v. City of New York*, 57 F.3d 236, 237 (2d Cir. 1995). The District Court's Order is not effectively unreviewable on appeal from a final judgment. *See Cunningham v. Hamilton Cty., Ohio*, 527 U.S. 198, 206–07 (1999).

3

## CONCLUSION

The movant-appellant's appeal is DISMISSED for want of jurisdiction.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk