161 F.3d 115
 1999 A.M.C. 305
 FARRELL LINES INCORPORATED, Plaintiff-Appellee,
v.
CERES TERMINALS INCORPORATED, Defendant,
Columbus Cello-Poly Corporation; Cigna Insurance Company of
Europe S.A.-N.V.; Uteco S.P.A.; UMS Generali Marine
S.P.A.; Reunion Francaise S.A. and La Fondiaria
Assicurazioni S.P.A., Defendants-Appellants.
 Docket No. 98-7177.
 United States Court of Appeals,
Second Circuit.
 Argued Aug. 31, 1998.
Decided Dec. 3, 1998.
 
 Anthony J. Pruzinsky, Hill Rivkins & Hayden LLP, New York, NY, for Defendants-Appellants.
 Peter A. Junge, New York, N.Y. (Carol N. Lambos, Lambos & Junge, New York, NY, of counsel), for Plaintiff-Appellee.
 Before: NEWMAN, CARDAMONE, and PARKER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Defendants-Appellants Columbus Cello-Poly Corporation ("Columbus"), Cigna Insurance Company of Europe, S.A.-N.V. ("Cigna"), UTECO S.P.A. ("UTECO"), UMS Generali Marine, S.P.A. ("UMS"), Reunion Francaise S.A. ("Reunion"), and La Fondiaria Assicurazioni S.P.A. ("La Fondiaria", and collectively "Defendants") appeal from a declaratory judgment, entered September 16, 1997, in the United States District Court for the Southern District of New York (Michael B. Mukasey, Judge ), in favor of Plaintiff-Appellee Farrell Lines Incorporated ("Farrell"), and from an injunction prohibiting Defendants from further pursuing pending litigation against Farrell in Italy.
 
 
 2
 Pursuant to § 1304(5) of the Carriage of Goods by Sea Act, 46 U.S.C. app. § 1300, et seq., the district court held that Farrell's liability for damage to a printing press that it had shipped from Livorno, Italy to Norfolk, Virginia was limited to $500. The press suffered damage of $800,000 caused by an accident following discharge from Farrell's vessel. The press was insured by Cigna, UMS, Reunion and La Fondiaria. The district court also enjoined the Defendants from further pursuing an action against Farrell in Italy concerning this damage.
 
 
 3
 On appeal, the Defendants argue: (1) that the district court lacked personal jurisdiction and subject matter jurisdiction over them and this declaratory judgment action respectively; (2) that the district court lacked the power to enjoin them from pursuing the Italian action; and (3) that even assuming that the district court had the power to issue the injunction, it abused its discretion in doing so.
 
 
 4
 We disagree. For substantially the same reasons as those stated by the district court in its thoughtful and well-reasoned Opinion and Order, we hold that the district court had jurisdiction over both the controversy and the Defendants, had the power to enjoin the Defendants from pursing the Italian action, and properly exercised its discretion in employing this power to enjoin the Defendants from pursuing the Italian action. See Farrell Lines Inc. v. Columbus Cello-Poly Corp., 1997 WL 570494 (S.D.N.Y.1997).
 
 
 5
 Two aspects of the District Court's opinion warrant some additional words, however. The first of these concerns the authority of a district court sitting in admiralty to issue injunctions. At an earlier time, such authority was thought not to exist, see, e.g., Schoenamsgruber v. Hamburg American Line, 294 U.S. 454, 457-58, 55 S.Ct. 475, 79 L.Ed. 989 (1935) ("While courts of admiralty have capacity to apply equitable principles ... except in limitation of liability proceedings, they do not issue injunctions.") (footnotes omitted); Rea v. The Eclipse, 135 U.S. 599, 608, 10 S.Ct. 873, 34 L.Ed. 269 (1890), a view roundly criticized by the commentators, see, e.g., Gilmore & Black, The Law of Admiralty, § 1-14, at 41 (2d ed.1975). More recently the Supreme Court has spoken expansively about the admiralty court's equitable powers, stating, "[w]e find no restriction upon admiralty by chancery so unrelenting as to bar the grant of any equitable relief even when that relief is subsidiary to issues wholly within admiralty jurisdiction." Swift & Co. Packers v. Compania Colombiana Del Caribe, S.A., 339 U.S. 684, 691-92, 70 S.Ct. 861, 94 L.Ed. 1206 (1950) (emphasis added). The unification of admiralty and other civil actions accomplished by the 1966 revision of the Federal Rules of Civil Procedure impelled several circuits to abandon the prior limitation and recognize the authority of district courts, sitting in admiralty, to issue injunctions. See, e.g., Pino v. Protection Maritime Ins. Co., 599 F.2d 10, 16 (1st Cir.1979); Lewis v. S.S. Baune, 534 F.2d 1115, 1120-21 (5th Cir.1976).
 
 
 6
 We articulated the earlier view as late as 1977, see Tradax Ltd. v. M.V. Holendrecht, 550 F.2d 1337, 1339 (2d Cir.1977), but a decade later noted the trend away from it, see China Trade & Dev. Corp. v. M.V. Choong Yong, 837 F.2d 33, 35 (2d Cir.1987) (noting earlier doctrine and recent case law, and assuming, for purposes of appeal, authority of admiralty court to issue injunction). We have also intimated the likelihood of abandoning the prior limitation. "[S]ome of our sister Circuits have held that in proper cases admiralty courts may issue injunctions ... [and] we may well join those circuits when we are confronted with an appropriate case." Eddie S.S. Co. v. P.T. Karana Line, 739 F.2d 37, 39 (2d Cir.1984).
 
 
 7
 As the district court anticipated, the appropriate case has arrived, and we now align ourselves with those courts that recognize the authority of an admiralty court to issue injunctions, including, in appropriate cases, anti-suit injunctions.[1]
 
 
 8
 The second matter concerns the discretionary nature of declaratory relief. To the extent that Judge Mukasey felt obliged to entertain this declaratory judgment action, any such obligation as existed in prior case law, see Texport Oil Co. v. M/V Amolyntos, 11 F.3d 361, 366 (2d Cir.1993), has been displaced by a recognition of broad discretion in district courts. We have recognized that Texport was effectively overruled by the Supreme Court in Wilton v. Seven Falls Co., 515 U.S. 277, 287-88, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995). See National Union Fire Ins. Co. v. Karp, 108 F.3d 17, 21 (2d Cir.1997); Youell v. Exxon Corp., 74 F.3d 373, 375 (2d Cir.1996). Wilton held that district courts have a "unique breadth of ... discretion to decline to enter a declaratory judgment," emphasizing the use of the word "may" in 28 U.S.C. § 2201. 515 U.S. at 286-87, 115 S.Ct. 2137. In this case, however, Judge Mukasey did not rest on an obligation to consider declaratory relief, but explicitly exercised his discretion to do so. As he stated:
 
 
 9
 Even if I had discretion to dismiss this declaratory judgment action, I would decline to do so. It is true that courts should be dubious of declaratory judgment actions when the plaintiff files suit to interfere with an action already filed or in anticipation of defendant filing suit in another forum. However, here, plaintiff filed suit seeking resolution of a real controversy in the forum designated by the Bill of Lading. Even if plaintiff filed this action in anticipation of defendant insurers' action in Italy, that would not be improper.
 
 
 10
 Farrell Lines, 1997 WL 570494 at * 4.
 
 
 11
 We therefore affirm the judgment of the district court and the issuance of the anti-foreign suit injunction.
 
 
 
 [1]
 This opinion has circulated among all active members of this Court prior to filing, and no judge has objected to its filing. See Kramer v. Time Warner, Inc., 937 F.2d 767, 774 (2d Cir.1991)