Bruno **TAMPLENIZZA**, Plaintiff,

v.

**JOSEPHTHAL & COMPANY, INCORPORATED,**
Defendant.

**No. 98 Civ. 6520(MP).**

United States District Court,
S.D. New York.

Jan. 27, 1999.

Jonathan Kord Lagemann, New York City, for plaintiff Bruno Tamplenizza.

Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, (Edward J. Boyle, of counsel), New York City, for defendant Josephthal & Company, Incorporated.

## OPINION AND ORDER

MILTON POLLACK, Senior District Judge.

Plaintiff Bruno Tamplenizza ("Tamplenizza") seeks a Declaratory Judgment pursuant to 28 U.S.C. §§ 2201 and 2202, declaring that his agreement to arbitrate all claims, disputes and controversies with defendant Josephthal & Co., Inc. ("Josephthal") is null and void pursuant to Section 2 of the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2, and section 29(a) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78cc(a). Josephthal moves to dismiss Tamplenizza's complaint in its entirety pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted.

For the reasons stated below, this Court declines, in its discretion, to exercise subject matter jurisdiction over Tamplenizza's claim for declaratory relief.

## I. Background

According to the complaint in this action, on or about April 3, 1997, Tamplenizza signed an Options Agreement in connection with his securities account at Josephthal, a member of both the New York Stock Exchange, Inc. ("NYSE"), and National Association of Securities Dealers, Inc. ("NASD"). The Options Agreement contained an arbitration clause, which required that all controversies between Tamplenizza and defendant be arbitrated before securities industry membership associations, such as the NYSE or NASD. The complaint alleges that current NYSE and NASD practices and policies dictate that arbitration between Tamplenizza and Josephthal would be heard in New York.

To this Court's knowledge, Tamplenizza has not attempted to bring any claim against Josephthal in an arbitral or judicial forum. Instead, Tamplenizza states, without elaboration in his complaint, that he

> has claims against Josephthal for, among other things, churning, unsuitable recommendations and failure to supervise in violation of anti-fraud provisions of the Exchange Act.

Notwithstanding that there is no pending or imminent action between Tamplenizza and Josephthal, Tamplenizza calls upon this Court to hold that the arbitration agreement between the parties is null and void pursuant to § 2 of the FAA, 9 U.S.C. § 2, and section 29(a) of the Exchange Act, 15 U.S.C. § 78cc(a).

## II. Discussion

■ The Declaratory Judgment Act permits declaratory relief only in "a case of actual controversy." 28 U.S.C. § 2201(a). This "requirement ... incorporates into the statute the case or controversy limitation on federal jurisdiction found in Article III of the Constitution." *Niagara Mohawk Power Corp. v. Tonawanda Band of Seneca Indians*, 94 F.3d 747, 752 (2d Cir.1996). "For a Court to have subject matter jurisdiction over a declaratory judgment action, there must be a substantial controversy, between parties having adverse legal interests, of suf-

ficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* (internal quotations omitted). "[A] mere demand for declaratory relief does not by itself establish a case or controversy necessary to confer subject matter jurisdiction." *S. Jackson & Son, Inc. v. Coffee, Sugar & Cocoa Exchange,* 24 F.3d 427, 431 (2d Cir.1994) (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671–72, 70 S.Ct. 876, 94 L.Ed. 1194 (1950)). "Thus, where 'the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties, the case is properly dismissed.'" *Id.* (quoting *Browning Debenture Holders' Comm. v. DASA Corp.,* 524 F.2d 811, 817 (2d Cir.1975)).

Plaintiff contends that "[t]his case concerns plaintiff, *and other securities customers,* who have signed mandatory arbitration agreements with broker-dealers." In his complaint, the plaintiff merely asserts that he "has claims" against the defendant for securities fraud and other offenses. He does not allege, however, that he or any other securities customer, has brought such claims in federal court or any other forum, or plans to do so in the immediate future. In sum, he seeks a "mere declaration of law," *see Browning Debenture Holders' Comm.,* 524 F.2d at 817, advising him of his right to choose the forum in which he may or may not bring a suit at some undisclosed time in the future. At best, this strains the concept of "case or controversy" to its outer limit.

◼ In any event, "district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites." *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282, 115 S.Ct. 2137, 132 L.Ed.2d 214 (1995) (holding that the "[d]istrict [c]ourt acted within its bounds in staying [an] action for declaratory relief where parallel proceedings, presenting [an] opportunity for ventilation of the same state law issues, were underway in state court."). The "unique breadth of this discretion," *id.* at 287, 115 S.Ct. 2137, lies within the district courts "because facts bearing on the usefulness of the declaratory judgment remedy, and the fitness of the case for resolution, are particularly within their grasp," *id.* at 289, 115 S.Ct. 2137 (citations omitted). Consequently, this Court is not "obliged to entertain [a] declaratory judgment action." *See Farrell Lines, Inc. v. Ceres Terminals, Inc.,* 161 F.3d 115, 117 (2d Cir.1998) (per curiam) (stating that the district court was not obliged to exercise jurisdiction over a carrier's suit to enjoin an insurer from pursuing litigation against it in Italy).

◼ Tamplenizza, by seeking a determination of the validity of his arbitration agreement with Josephthal prior to bringing suit in any forum, asks this Court to assume that he will commence suit at some point in the future. He also asks this Court to assume that if and when he decides to commence suit, the parties will not be able to resolve any such suit without judicial or arbitral intervention. Lastly, he asks this Court to assume that Josephthal would seek to enforce the arbitration agreement upon Tamplenizza's commencement of a suit. This Court is not inclined to make such assumptions.

Accordingly, "the remedy sought is a mere declaration of law without implications for practical enforcement upon the parties [and] the case is properly dismissed." *Browning Debenture Holders' Comm.,* 524 F.2d at 817. In the exercise of the Court's discretion, the defendant's motion to dismiss this suit is granted with costs.