**SILVA RUN WORLDWIDE LIMITED, Plaintiff,**

v.

**GAMING LOTTERY CORPORATION, The Instant Publisher Inc., Ronald F. Seale, Park Wilshire Group, Inc., Mariner Reserve, Coutts & Co AG, Peter G. Embiricos, and Jack Banks (a/k/a Jacques Banques, Jacques Benqueses, Jacques Besquesis), Defendants.**

**Proskauer Rose LLP, Petitioner– Claimant–Appellee,**

v.

**Galaxiworld.Com Limited., Respondent,**

and

**Jack Banks, Respondent–Appellant.**

Docket Nos. 02–7633, 02–7635.

United States Court of Appeals, Second Circuit.

Dec. 31, 2002.

Sheldon Eisenberger, New York, NY, for Respondent–Appellant.

Karen E. Clarke, Proskauer Rose LLP, New York, N.Y. (Leon P. Gold, on the brief), for Petitioner–Claimant–Appellee.

Present ELLSWORTH VAN GRAAFEILAND, RICHARD J. CARDAMONE, and DENNIS JACOBS, Circuit Judges.

### *SUMMARY ORDER*

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Jack Banks appeals from an injunction imposed by the United States District Court for the Southern District of New York (Patterson, *J.*). *See Silva Run Worldwide Limited v. Gaming Lottery Corp.*, Nos. 96 Civ. 3231(RPP), 96 Civ. 5567(RPP), 2002 WL 975623 (S.D.N.Y. May 9, 2002). The district court enjoined Banks, the former president of Galaxiworld.com Ltd. ("Galaxiworld"), from prosecuting an incipient lawsuit brought in Ontario, Canada asserting claims for, *inter alia,* attorney malpractice against Pros-

598

kauer Rose, LLP ("Proskauer"), former counsel to Galaxiworld and Banks in the above captioned action.

The facts are set forth in detail in *Silva Run*, 2002 WL 975623, *1–7. Briefly, the district court decided an ancillary dispute between Banks, Galaxiworld and Proskauer, resulting in the withdrawal of Proskauer as counsel to Galaxiworld and Banks, and an award to Proskauer of unpaid attorneys' fees. In the course of that dispute, Banks raised allegations of attorney malpractice, but never pursued those claims.

Banks argues that the doctrine of *res judicata* does not preclude suit in Canada because his claims there were never actually litigated in the district court. But we read the district court's ruling as resting chiefly on its power to enforce its judgments and to prevent the harassment of the prevailing party, whether in the form of vexatious litigation or otherwise.

Ordinarily, anti-foreign suit injunctions should be used sparingly and with restraint *China Trade and Development Corp. v. M.V. Choong Yong*, 837 F.2d 33, 36 (2d Cir.1987); but "a more lenient standard" prevails once judgment has been entered, *Farrell Lines, Inc. v. Columbus Cello–Poly Corp.*, 32 F.Supp.2d 118, 131 (S.D.N.Y.1997), *aff'd sub nom, Farrell Lines Inc. v. Ceres Terminals Inc.*, 161 F.3d 115 (2d Cir.1998). "Thus, a court may freely protect the integrity of its judgments by preventing their evasion through vexatious or oppressive relitigation." *Id.* at 131 (citing *Laker Airways Ltd. v. Sabena, Belgian World Airlines*, 731 F.2d 909, 928 (D.C.Cir.1984)).

Here, the district court entered judgment awarding attorneys' fees to Proskauer, and that judgment has yet to be satisfied. The district court evidently found that the litigation commenced in Canada is an effort to inflict expense on a prevailing party in order to discount, delay, avenge or otherwise frustrate the judgment entered in this case. Having reviewed the record, we cannot disagree with this finding.

For the reasons set forth above, the judgment of the district court is **AFFIRMED**.